**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| INVENTUS POWER, INC., and ICC ELECTRONICS (DONGGUAN) LTD. <br><br> Plaintiffs, <br><br> v. <br><br> SHENZHEN ACE BATTERY CO., LTD., <br><br> Defendant. | Civil Action No.: 1:20-cv-03375 <br><br> Honorable Robert M. Dow, Jr. |

**JOINT STATUS REPORT**

In accordance with the Court's orders at the July 17, 2020 telephonic status hearing, Plaintiffs Inventus Power, Inc. and ICC Electronics (Dongguan) Ltd. ("Inventus") and Defendant Shenzhen Ace Battery Co., Ltd. ("Ace") submit this Joint Status Report in advance of the July 22, 2020 telephonic status hearing regarding extension of the Court's order granting Plaintiff's application for temporary restraining order ("TRO") and expedited discovery [Dkt. 48, 50]. The parties met and conferred on July 17 and 20 to discuss extending the Court's TRO to allow sufficient time for expedited discovery and preliminary injunction ("PI") briefing, as well as a schedule for those items, and other issues that will arise during the PI phase of this case. In short, the parties are pleased to report that they have reached agreement that the TRO be extended (on its same terms) to allow for the expedited discovery permitted by the Court's order granting Inventus's motion for expedited discovery in part (Dkt. 48 at 30-31), and briefing and decision on Inventus's forthcoming motion for preliminary injunction ("PI"). The parties have agreed on a proposed schedule to accommodate that, and on certain aspects of the expedited discovery process, of course subject to the Court's approval. The parties respectfully set forth their agreements for the Court's review below.

    **A.    Extension Of TRO During PI Proceedings And Proposed Schedule For PI Discovery, Briefing And Proposed Hearing**

The Court's TRO was entered on July 13, 2020 and thus currently is set to expire July 27, 2020. As set forth below, the parties have agreed pursuant to Federal Rule Civil Procedure 65(b)(2) to extend the Court's TRO (Dkt. 48, 50) to allow for the expedited discovery relating to, and briefing, hearing and decision of, Inventus's forthcoming PI motion. Specifically, the parties have agreed to extend the TRO to December 18, 2020, which the parties believe will allow them to conduct the discovery (including forensic discovery), brief Inventus's forthcoming motion for preliminary injunction, conduct a hearing, and allow time for the Court's decision. Defendant

reserves the right to move the Court for modification of the bond amount should its actual losses substantially increase, or prove not compensable by the current bond amount, during the significantly extended time period of the TRO.

The parties further agree to the following schedule for expedited PI discovery, briefing and a proposed hearing:

**[Proposed] Preliminary Injunction Schedule**

| Date | Event |
|---|---|
| July 22, 2020 | Preliminary injunction discovery opens |
| August 21, 2020 | Last day for parties to agree upon a neutral forensic examiner |
| October 17, 2020 | Preliminary injunction discovery closes (ordinary discovery rules apply to subsequent discovery) |
| October 23, 2020 | Inventus files preliminary injunction motion |
| November 6, 2020 | Ace files opposition to preliminary injunction motion |
| November 20, 2020 | Inventus files reply in support of preliminary injunction motion |
| December 4, 2020 [or at the Court's convenience] | Preliminary injunction hearing/status conference |
| December 18, 2020 | TRO expires unless further extended by agreement or Court order |

**B.  Additional Agreements Regarding Expedited PI Discovery**

The parties have reached the following agreements to guide discovery during the PI period:

**Written Discovery:**  The parties have agreed to exchange formal written discovery requests consistent with the Court's ruling permitting expedited discovery, including Requests for Production, Interrogatories, and Requests for Admission.  The parties agree to a 21-day response period for all written discovery, and agree to provide substantive responses beyond mere objections at the time of response.  For purposes of the expedited PI discovery phase, the parties agree to 20 requests for production per side, 20 interrogatories per side, and 25 requests for admission per side.

**Document Productions:** The parties shall meet and confer over, and make efforts to agree upon, reasonable search terms for their respective document collections. The use of search terms does not relieve a party from its ordinary obligations to produce documents responsive to document requests. The parties are continuing to confer regarding procedures for discovery related to document production, and may agree on a protocol for production of electronically stored information, but the lack of an agreement shall not be an excuse for delaying production of requested materials.

**Depositions And Fed. R. Civ. P. Subpoenas:** The parties agree that, during the PI discovery phase, each side will be permitted to take Fed. R. Civ. P. 30(b)(6) and Fed. R. Civ. P. 30(b)(1) depositions, and the parties will continue to confer regarding the total number of depositions to be conducted. Each such deposition and any Fed. R. Civ. P. 45 subpoenas shall proceed in accordance with the Federal Rules of Civil Procedure. The parties will continue to confer regarding the time limits of these depositions, but the parties agree that, for depositions requiring translation, the time limit shall be extended by subsequent party agreement. These limits may be extended by agreement of the parties or order of the Court. The parties agree to further discuss the possibility of conducting depositions remotely, by videoconference technology, if requested by the taking party. These agreements do not waive any objection to any particular deposition request, which shall be made by formal deposition notice and responded to in accordance with the Federal Rules.

C.      **Neutral Forensic Examiner**

The parties agree to utilize a neutral forensic examiner ("Examiner") to conduct forensic examination of the parties' electronic devices (subject to any objections to the relevance, burden or other propriety of such requests) and to provide the results of that examination to the parties. The parties' use of an Examiner does not preclude or excuse either party from retaining its own

forensic expert to review materials produced in this case. The parties shall agree to an Examiner, but if the parties cannot agree by August 21, 2020, they shall each nominate two Examiners who have not already been retained by either party in this action. The Court will select a neutral Examiner from the nominated Examiners, or shall appoint a neutral Examiner of its own choosing, for this purpose.

The parties shall work with each other and the Examiner to develop a suitable forensic examination protocol. Such examination shall at least include a reasonable search of the parties' relevant media for potentially relevant files, including documents, source code, data, and emails, and shall include all existing, deleted, or recovered files. The parties are continuing to confer regarding the details of the forensic examination protocol.

Inventus asserts that the data underlying Zack Lau's analysis (Dkt. 11, 41) will be marked as ATTORNEYS' EYES ONLY, subject to the expected forthcoming protective order (which the parties are currently negotiating), and made available to both Ace, and at Ace's or Inventus's request, the Examiner. Nothing contained herein shall preclude Ace from moving the Court for modification of the level of confidentiality afforded to any document filed or exchanged herein.

| | |
|---|---|
| Dated: July 21, 2020 | Respectfully submitted, |
| Respectfully submitted, | By: /s/ Kevin Viau |
| By: /s/ Gianni Cutri | Otto O. Lee, Esq.<br>Kevin Viau, Esq. |
| Gianni Cutri<br>Gianni.cutri@kirkland.com<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, IL 60654<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2200 | Jenny Hong-Gonzalez, Esq.<br>INTELLECTUAL PROPERTY LAW<br>GROUP LLP<br>1871 The Alameda, Suite 250<br>San Jose, California 95126<br>Telephone: (408) 286-8933<br>Facsimile: (408) 286-8932 |
| Adam Alper (*admitted pro hac vice*)<br>adam.alper@kirkland.com<br>Natalie Flechsig (*admitted pro hac vice*)<br>natalie.flechsig@kirkland.com<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, CA 94104<br>Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500 | Attorneys for Defendant<br>*SHENZHEN ACE BATTERY CO., LTD.* |

Michael De Vries (*admitted pro hac vice*)
michael.devries@kirkland.com
Kevin Bendix (*admitted pro hac vice*)
kevin.bendix@kirkland.com
Yimeng Dou (*admitted pro hac vice*)
yimeng.dou@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Attorneys for Plaintiffs
*INVENTUS POWER, and ICC ELECTRONICS (DONGGUAN) LTD.*

5

**CERTIFICATE OF SERVICE**

I, Gianni Cutri, an attorney, hereby certify that on July 21, 2020, I caused a true and correct copy of the foregoing document to be served via the Court's ECF system upon all counsel of record.

DATED: July 21, 2020

*/s/Gianni Cutri*
Gianni Cutri