# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| INVENTUS POWER, INC., and ICC ELECTRONICS (DONGGUAN) LTD. | )<br>)<br>) |
| Plaintiffs, | ) Civil Action No.: 1:20-cv-03375<br>)<br>) Honorable Robert M. Dow, Jr. |
| v. | )<br>) Magistrate Judge Jeffrey Cummings |
| SHENZHEN ACE BATTERY CO., LTD., | )<br>) |
| Defendant. | ) |

**PLAINTIFFS' MOTION TO ADDRESS DEFENDANT ACEPOWER'S FAILURE TO RESPOND TO INTERROGATORIES AND REQUESTS FOR PRODUCTION**

**TABLE OF CONTENTS**

|      |      |                                                                                                                               | Page |
|------|------|-------------------------------------------------------------------------------------------------------------------------------|------|
| I.   |      | INTRODUCTION                                                                                                                  | 1    |
| II.  |      | BACKGROUND                                                                                                                    | 2    |
| III. |      | LEGAL STANDARD                                                                                                                | 7    |
|      | A.   | Motion To Compel                                                                                                              | 7    |
|      | B.   | Relief For Failure To Participate In Discovery                                                                                | 8    |
| IV.  |      | ARGUMENT                                                                                                                      | 9    |
|      | A.   | AcePower Should Be Ordered To Answer And Respond In Writing To Inventus's Interrogatories And Requests For Production         | 9    |
|      | B.   | Additional Relief Under Fed. R. Civ. P. 37 Is Warranted                                                                       | 11   |
| V.   |      | CONCLUSION                                                                                                                    | 13   |

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ammons-Lewis v. Metro. Water Reclamation Dist. of Greater Chicago*,
  No. 11 C 6920, 2012 WL 5363425 (N.D. Ill. Oct. 9, 2012), *report and recommendation adopted*, No. 11 C 6920, 2012 WL 5356041 (N.D. Ill. Oct. 30, 2012), *aff'd*, 543 F. App'x 591 (7th Cir. 2013) ...................................................7

*Autotech Techs. Ltd. P'ship v. Automationdirect.Com, Inc.*,
  236 F.R.D. 396 (N.D. Ill. 2006).........................................................................................10, 11

*Buonauro v. City of Berwyn*,
  No. 08 C 6687, 2011 WL 116870 (N.D. Ill. Jan. 10, 2011), *on reconsideration in part*, No. 08 C 6687, 2011 WL 2110133 (N.D. Ill. May 25, 2011).....................................10

*Certain Underwriters at Lloyd's, London Subscribing to Policy No. BO823PP1308460 v. AdvanFort Co.*,
  No. 118CV1421TSETCB, 2019 WL 3366103 (E.D. Va. July 25, 2019)................................13

*Charter House Ins. Brokers, Ltd. v. New Hampshire Ins. Co.*,
  667 F.2d 600 (7th Cir. 1981) ...................................................................................................8

*Dickson v. Chicago Allied Warehouses, Inc.*,
  No. 90 C 6161, 1993 WL 362450 (N.D. Ill. Sept. 15, 1993)..............................................8, 12

*Equal Opportunity Comm'n v. Sears, Roebuck and Co.*,
  114 F.R.D. 615 (N.D. Ill. 1987), *reconsideration granted in part on other grounds*, 138 F.R.D. 523 (N.D. Ill. 1991)..................................................................................8

*Fautek v. Montgomery Ward and Co., Inc.*,
  96 F.R.D. 141 (N.D. Ill. 1982).................................................................................................8

*Meyer v. S. Pac. Lines*,
  199 F.R.D. 610 (N.D. Ill. 2001).............................................................................................11

*Moriarty v. LSC Illinois Corp.*,
  No. 98 C 7997, 1999 WL 1270711 (N.D. Ill. Dec. 29, 1999) .................................................9

*Olivet Baptist Church v. Church Mut. Ins. Co.*,
  No. 13 C 1625, 2015 WL 765715 (N.D. Ill. Jan. 7, 2015), *report and recommendation adopted*, No. 13 C 1625, 2015 WL 764051 (N.D. Ill. Feb. 23, 2015) ...................................................................................................................................13

*Trustees of the Suburban v. Bolingbrook Redi-Mix Co.*,
  2016 WL 1258849 (N.D. Ill. 2016) .......................................................................................12

*United States v. Ligas*,
    No. 04 C 930, 2006 WL 1302468 (N.D. Ill. May 10, 2006) ......................................................8

*Wielgus v. Ryobi Techs., Inc.*,
    No. 08 CV 1597, 2010 WL 3075666 (N.D. Ill. Aug. 4, 2010) ..........................................10, 12

*Zambrano v. Sparkplug Capital, LLC*,
    No. 19 CV 100, 2020 WL 1847396 (N.D. Ill. Apr. 13, 2020)................................................12

**Statutes**

28 U.S.C.A. ¶ 6 ...............................................................................................................................9

**Rules**

Fed. R. Civ. P. 26............................................................................................................................5

Fed. R. Civ. P. 26(f).........................................................................................................................5

Fed. R. Civ. P. 33(b) .......................................................................................................................9

Fed. R. Civ. P. 33(b)(2)...................................................................................................................7

Fed. R. Civ. P. 34(b)(2)(A) .........................................................................................................7, 9

Fed. R. Civ. P. 37..............................................................................................................1, 3, 11, 14

Fed. R. Civ. P. 37(a) .......................................................................................................................8

Fed. R. Civ. P. 37(a)(5)(A) ...........................................................................................................12

Fed. R. Civ. P. 37(b)(2)...................................................................................................................8

Fed. R. Civ. P. 37(d) .....................................................................................................................11

Fed. R. Civ. P. 37(d)(1)(A)(ii) ........................................................................................................8

Fed. R. Civ. P. 37(d)(3)...................................................................................................................8

**I.    INTRODUCTION**

Six weeks after the Court's Order permitting expedited discovery in this action (Dkt. 48 at 30-31), Defendant Shenzhen Ace Battery Co., Ltd. ("AcePower") has completely stonewalled all of Plaintiffs Inventus Power, Inc. and ICC Electronics (Dongguan) Ltd.'s ("Inventus") efforts to proceed with the expedited discovery allowed by the Court: AcePower has not produced a single document, made any materials available for inspection, provided any of the information requested by Inventus, agreed on a protective order, agreed on an ESI or forensic inspection protocol, or otherwise agreed to move discovery forward.  Several of these issues are to be addressed at the hearing set for August 27, 2020.  Most recently, AcePower failed to provide any written responses to Inventus's Interrogatories and Requests for Production, which it was obligated by the Court's orders to provide by no later than August 20, 2020.  The purpose of this motion is to request that the Court order AcePower to immediately respond to those discovery requests—including by providing the information sought by Inventus's Interrogatories and to produce the materials required by Inventus's document requests—and to impose the additional relief provided by Rule 37 of the Federal Rules of Civil Procedure in these circumstances.

While Inventus has persistently attempted to move discovery forward in accordance with the Court's orders (Dkts. 48, 55), including by proposing a protective order, electronic discovery protocol, and forensic examination protocol, and by issuing written discovery requests, since new counsel appeared for AcePower in this case and took over day-to-day communications related thereto (Dkts. 56-57, 59), AcePower has stonewalled and refused to meaningfully participate in any discovery or protocol discussions, all the while continuing to claim that it has done absolutely nothing wrong and going so far as to certify to the Court that it "has not found that it possesses or has accessed, reviewed, used, disclosed, or divulged any Inventus documents, files, or other materials" (Dkt. 54 at 1).  If true, AcePower would have no reason to violate this Court's orders

1

and the Federal Rules of Civil Procedure by blocking all of Inventus's attempts to investigate what happened to its over 140,000 confidential and trade secret documents which were downloaded to external drives by former Inventus employees currently employed by AcePower. Indeed, in granting Inventus's Application for a Temporary Restraining Order and Motion for Expedited Discovery, Judge Dow found that "ACE does not make a convincing showing that it has taken any actions to prevent the ACE employees from disclosing Plaintiffs' trade secrets." Dkt. 48 at 25. Since then, AcePower has provided no further information, or any explanation for what happened (let alone an exculpatory one). All of this points to one inexorable conclusion: *i.e.,* that AcePower is continuing to use Inventus's trade secrets and is stalling in this Court proceeding while it does so. This is not just a matter of case administration; it is urgent that AcePower provides insight into its use of Inventus's trade secrets, so Inventus (and Judge Dow) can take immediate steps to stop it. Respectfully, AcePower should not be permitted to continue to refuse to comply with the Court's discovery process while it fails to come close to adequately addressing its ongoing possession and use of Inventus's trade secrets.

## II. BACKGROUND

This case concerns Woodridge, Illinois-based Inventus's allegations that Shenzhen, China-based AcePower stole massive volumes of Inventus's trade secret documents and source code to use in its development of products intended to compete head-to-head with Inventus. Dkt. 1 ¶¶ 1–3. Specifically, through a forensic inspection of its computer systems, Inventus determined that in 2019 and continuing to this year, AcePower broadly stole over 140,000 highly confidential trade secret documents and source code files relating to Inventus's industry-leading battery technologies in connection with recruiting and hiring a number of high-ranking Inventus employees. Dkt. 1 ¶ 36; Dkt. 8 at 7–8; Dkt. 11 ¶ 6. Inventus's inspection revealed that in the weeks and days prior to their departure, those employees, all senior engineers who had worked

2

with Inventus for years and had extensive familiarity with Inventus's trade secrets, downloaded and took with them thousands of Inventus's confidential trade secret documents and source code files—among Inventus's most valuable intellectual property—to improve and develop AcePower's line of competing battery products, among other things. *Id*. This was no mere coincidence: currently, these engineers hold senior positions at AcePower, leading the development and improvement of competing technologies in positions similar to the ones they held at Inventus. *Id*. And, the evidence shows that they attempted to cover their tracks by destroying evidence of their theft. *See, e.g.*, Dkt. 11 ¶¶ 14–16, 25.

Inventus filed its complaint for trade secret misappropriation in this case on June 8, 2020, along with an application for a temporary restraining order. Dkts. 1, 8. After extensive briefing (including the receipt of many declarations from AcePower attempting to deny its wrongdoing), on July 13, 2020, Judge Dow granted a temporary restraining order ("TRO") to address AcePower's possession and use of Inventus's trade secrets and also to allow expedited discovery relating to Inventus's forthcoming preliminary injunction motion. Dkt. 48. As shown in the parties' subsequent Joint Status Report, filed on July 21, 2020, the parties entered into various agreements related to the expedited discovery authorized by the Court, including a stipulation to "a 21-day response period for all written discovery, and agree[ment] to provide substantive responses beyond mere objections at the time of response" (Dkt. 55 at 2), which Judge Dow adopted (Dkt. 58). Consistent with this stipulation and Judge Dow's orders, Inventus served 10 interrogatories and 13 requests for production on AcePower on July 30, 2020 relating to issues bearing directly on Inventus's forthcoming motion for preliminary injunction. Exs. 1-2. For example, Inventus's discovery requests were directed to basic issues underlying Inventus's forthcoming preliminary injunction motion, such as steps AcePower has taken to comply with the

3

temporary restraining order entered by Judge Dow, the circumstances surrounding the recruitment of former-Inventus employees employed by AcePower, and details regarding storage devices used by the those AcePower employees. Dkt. 48.

On August 18, 2020, two days before AcePower's discovery responses were due, counsel for Inventus wrote to counsel for AcePower as a courtesy to remind them that "AcePower's responses to that written discovery are due on August 20, 2020" and that "Inventus expects fulsome, substantive responses to that discovery to be provided on the deadline (not just objections)." Ex. 3 at 4 (8/18/2020 Email from K. Bendix to R. Cheng). Counsel for Inventus further requested that "[i]f AcePower does not plan to provide such responses on that deadline, please let us know immediately so we may confer over that." *Id.* AcePower did not respond.

AcePower thereafter failed to serve any responses or objections to Inventus's written discovery requests by the August 20 deadline. On August 21, counsel for Inventus reiterated that AcePower's discovery responses were due on August 20, and again requested that AcePower indicate whether it intended to comply with the Court's orders, "which specifically require the parties to conduct written discovery." *Id.* at 4 (8/21/2020 Email from K. Bendix to R. Cheng). Counsel for AcePower wrote back that "[w]e think you misunderstood some of the Court's order," and counsel for Inventus immediately requested a meet and confer. *Id.* During the meet and confer on August 21, counsel for AcePower confirmed that AcePower refuses to provide any written responses or objections to Inventus's interrogatories and requests for production, and will continue to refuse to provide written responses and objections unless Inventus asks the Court to compel AcePower to do so. *Id.* at 1 (8/22/2020 Email from K. Bendix to R. Cheng). Threatened with the instant motion, and without ever indicating that they planned to file such a motion, AcePower filed a Motion for Entry of Protective Order (Dkt. 69) to try to preempt this motion. But that motion—

4

which does not answer any of the interrogatories, does not agree to produce a single document, and does not address numerous of the requests—only further confirms that AcePower does not intend to respond to Inventus's written discovery.

AcePower's failure to respond to these discovery requests is not an isolated instance. To the contrary, since new counsel appeared for AcePower following the Court's entry of the TRO and order on Inventus's motion for expedited discovery (Dkts. 56-57, 59), AcePower has engaged in numerous dilatory tactics to prevent Inventus from obtaining any of the discovery it needs, and is entitled to, during the preliminary injunction discovery period that ends on October 17, 2020—less than two months from now. *See* Dkt. 55. For example, as further explained in Inventus's Motion for Status Conference and to Order AcePower to Engage in the Expedited Discovery Ordered by the Court (Dkt. 61), AcePower has (1) refused to meet with Inventus for a Fed. R. Civ. P. 26(f) conference or provide its Fed. R. Civ. P. 26 disclosures identifying persons with knowledge regarding who recruited the former-Inventus personnel, persons who brought Inventus's confidential information over to AcePower, or persons working with the former-Inventus employees on AcePower's products; (2) refused to agree to a protective order unless Inventus agrees that AcePower's employees can have access to Inventus's "attorneys' eyes only" confidential trade secret information; and (3) refused to attempt to obtain and sequester any stolen documents or the electronic media they were brought over on, and has been unwilling to explain what steps (if any) it has taken to investigate the theft with the AcePower employees who came over from Inventus, or otherwise comply with the Court's temporary restraining order. Dkt. 61. AcePower's refusal to comply with even its most basic obligations in this case is further illustrated by the fact that it did not file a responsive pleading to Inventus's complaint (Dkt. 1) by its August 12, 2020 deadline to do so, nor did it respond to numerous subsequent attempts by Inventus to

inquire about why AcePower had failed to do so, instead filing a late, and procedurally improper, motion to dismiss nearly two weeks later without leave of Court or explanation for its delay after Inventus indicated it planned to ask the Court for relief. Ex. 4 (8/23/2020 Letter from K. Bendix to R. Cheng).

AcePower's failures to participate in its basic obligations in this case since the TRO was entered have severely prejudiced Inventus. As just one glaring example, AcePower filed a "Certification of Compliance with Temporary Restraining Order" on July 20, 2020 in which it purported to have "taken efforts to comply with all terms of the TRO" (Dkt. 54 at 1), and yet refuses to provide an answer or other written response to Inventus's Interrogatory No. 4, which requests information about precisely those efforts ("Describe all steps Ace has taken to comply with the Temporary Restraining Order entered in this case . . . ."). Ex. 1 at 8. AcePower's refusal to respond is particularly prejudicial in light of Judge Dow's finding that "ACE does not make a convincing showing that it has taken any actions to prevent the ACE employees from disclosing Plaintiffs' trade secrets." Dkt. 48 at 25. In its same Certification, AcePower claims to have conducted unspecified "keyword searches related to Plaintiff to determine if any of the former employees' devices or drives contain any of Plaintiff's documents, files, or other materials" and broadly asserts that it "has not found that it possesses or has accessed, reviewed, used, disclosed, or divulged any Inventus documents, files, or other materials." Dkt. 54 at 1-2. Yet AcePower refuses to respond to Inventus's Interrogatory No. 7, which requests that AcePower "[d]escribe any investigation, analysis, study, and/or forensics analysis conducted by Ace . . . regarding Ace's misappropriation, misuse, disclosure, and/or possession of Inventus's confidential Documents, information and/or Inventus Trade Secret Information . . . ."). Ex. 1 at 9. Moreover, AcePower's outside lawyers have not been involved in any material way with AcePower's alleged efforts, and

6

have been unable to substantiate any of them. Ex. 5 (8/10/2020 Email from K. Bendix to R. Cheng) at 1-3.

To date—a full six weeks after Judge Dow ordered the parties to engage in expedited discovery—AcePower has not served a single written discovery response, provided any of the information requested by Inventus, or produced a single document or device for inspection. Nor has AcePower identified any additional devices—other than eight workstations—where Inventus's trade secrets are or might be housed. Furthermore, despite Inventus's counsel sending AcePower its proposed electronic discovery and forensic examination protocols to govern discovery in this case on July 24 (Ex. 5 (7/24/2020 Email from K. Bendix to R. Cheng) at 11), a full month later, AcePower still has not responded, or given a date certain by which it would agree to either proposal. AcePower's flagrant disregard for the Federal Rules of Civil Procedure and the rules of this Court continue to prejudice Inventus, and must be stopped.

## III.  LEGAL STANDARD

### A.  Motion To Compel

"During discovery, the parties are supposed to disclose all relevant information, so that the resolution of disputed issues may be based on a full and accurate understanding of the facts and, ultimately, produce a fair and just result." *Ammons-Lewis v. Metro. Water Reclamation Dist. of Greater Chicago*, No. 11 C 6920, 2012 WL 5363425, at *7 (N.D. Ill. Oct. 9, 2012), *report and recommendation adopted*, No. 11 C 6920, 2012 WL 5356041 (N.D. Ill. Oct. 30, 2012), *aff'd*, 543 F. App'x 591 (7th Cir. 2013). The Federal Rules of Civil Procedure set forth a time limit for responses to interrogatories and requests for production. *See* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). Here, the parties stipulated in their Joint Status Report to "a 21-day response period for all written discovery," and agreed that the parties will "provide substantive responses" as

7

opposed to "mere objections at the time of response." Dkt. 55 at 2. Judge Dow adopted this stipulation. Dkt. 58.

A party may seek an order to compel discovery when the opposing party fails to respond to discovery requests. Fed. R. Civ. P. 37(a). "A court has broad discretion under the federal rules to resolve discovery disputes and a motion to compel discovery is granted or denied at the discretion of the trial court." *United States v. Ligas*, No. 04 C 930, 2006 WL 1302468, at *4 (N.D. Ill. May 10, 2006).

### B. Relief For Failure To Participate In Discovery

Fed. R. Civ. P. 37(d)(1)(A)(ii) allows the Court to order sanctions without a prior motion to compel if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." *Dickson v. Chicago Allied Warehouses, Inc.*, No. 90 C 6161, 1993 WL 362450, at *12 (N.D. Ill. Sept. 15, 1993) (citing *Charter House Ins. Brokers, Ltd. v. New Hampshire Ins. Co.*, 667 F.2d 600, 604 (7th Cir. 1981)). "Under the rule, complete and accurate responses are required." *Id.* (citing *Fautek v. Montgomery Ward and Co., Inc.*, 96 F.R.D. 141, 144–145 (N.D. Ill. 1982)). "Even if a failure to respond is the result of negligence, sanctions may be imposed." *Id.* "Dilatory and partial compliance does not remove a case from the ambit of the rule." *Id.* (citing *Equal Opportunity Comm'n v. Sears, Roebuck and Co.*, 114 F.R.D. 615, 626 (N.D. Ill. 1987), *reconsideration granted in part on other grounds*, 138 F.R.D. 523 (N.D. Ill. 1991)). The sanctions may include "any of the orders listed in Rule 37(b)(2)(A)(i)—(vi)," in addition to an order that AcePower and/or its attorneys "pay the reasonable expenses, including attorney's fees, caused by the failure" to serve a written response. Fed. R. Civ. P. 37(d)(3). Fed. R. Civ. P. 37(b)(2) further provides for sanctions of a party who fails to obey a court order to provide or permit discovery. *See* Dkts. 48, 55.

## IV. ARGUMENT

### A. AcePower Should Be Ordered To Answer And Respond In Writing To Inventus's Interrogatories And Requests For Production

AcePower's failure to participate in discovery violates Judge Dow's July 13 order to conduct expedited discovery (Dkt. 48) and the parties' stipulation to provide fulsome answers to written discovery under that order (Dkt. 55), which was adopted and ordered by the Court (Dkt. 58); *see also* U.S.Ct. of App. 7th Cir. Atty Conduct, 28 U.S.C.A. ¶ 6 (lawyers "will adhere to all express promises and to agreements with other counsel, whether oral or in writing . . . ."); *see also Moriarty v. LSC Illinois Corp.*, No. 98 C 7997, 1999 WL 1270711, at *2 (N.D. Ill. Dec. 29, 1999) ("The Court notes at the outset that plaintiff might complain that LSC has reneged on its representation to the district court . . . that LSC would provide the requested discovery."). AcePower's failure to respond also violates the Federal Rules of Civil Procedure. In particular, AcePower's refusal to provide written responses or objections to Inventus's interrogatories and requests for production—which were served on July 30 and due by August 20, according to the parties' stipulation and Court's order—is a violation of the "time to respond" provisions of Fed. R. Civ. P. 33(b) and 34(b)(2)(A).

Not only has AcePower refused to provide the "substantive" responses it stipulated to provide (Dkt. 55), but it has refused to provide ***any written responses at all***. And AcePower's attempt to preempt the instant motion with a Motion for Entry of Protective Order (Dkt. 69) ("Motion") does not excuse its failure to respond. AcePower's Motion does not even specifically address a number of the requests, nor does it provide any of the information or agree to provide any of the documents sought by Inventus's requests. Rather, AcePower's Motion takes the position that Inventus's written discovery "aims at the case-in-chief . . . not the preliminary injunction." Dkt. 69 at 2. As an initial matter, this generalized, non-specific scope objection

provides no excuse for failing to provide the written objections or responses required by the rules and the Court's orders. *Buonauro v. City of Berwyn*, No. 08 C 6687, 2011 WL 116870, at *4 (N.D. Ill. Jan. 10, 2011), *on reconsideration in part*, No. 08 C 6687, 2011 WL 2110133 (N.D. Ill. May 25, 2011) (requiring defendant to respond to "the full scope of Plaintiffs' request" where irrelevance objection was untimely); *Wielgus v. Ryobi Techs., Inc.*, No. 08 CV 1597, 2010 WL 3075666, at *3 (N.D. Ill. Aug. 4, 2010) ("JTD may not pose any objections to the interrogatories and requests for production of documents as those objections, if any, are considered to have been waived" for untimeliness); *Autotech Techs. Ltd. P'ship v. Automationdirect.Com, Inc.*, 236 F.R.D. 396, 398 (N.D. Ill. 2006) ("Failure to timely assert objections to discovery requests may result in a waiver of all objections that could have been seasonably asserted."). Moreover, AcePower's claim that Inventus's discovery requests are not directed to its forthcoming preliminary injunction motion is categorically wrong. As just one example, AcePower's Motion takes issue with Interrogatory Nos. 5 and 6, which relate directly to AcePower's misappropriation and disclosure of Inventus's trade secrets to customers and suppliers, as well as through AcePower's patent filings, both of which are at issue in this proceeding, and were included in the parties' TRO briefing. *See, e.g.*, Dkt. 8 at 8 (customers and suppliers); *id*. at 8-9 (AcePower's patents). As another clear example, Inventus's Interrogatory No. 4—which AcePower fails to mention in its Motion at all—requests "all steps Ace has taken to comply with the Temporary Restraining Order," which clearly is within the scope of expedited discovery, particularly given that AcePower filed a Certification of Compliance with Temporary Restraining Order (Dkt. 54). In terms of the requests for production, AcePower also contends that the Court's expedited discovery is limited only to the inspection of "devices used by the individuals in question while working for Defendant." *Id*. at 3. That argument is plainly incorrect, as evidenced by the fact that the parties specifically stipulated

to a discovery process that includes not only forensic inspection of electronic materials, but also interrogatories, requests for production, and more. The argument also strongly suggests that AcePower has no intention of providing any discovery: for instance, Inventus's Request for Production No. 1 requests "Documents, Storage Devices, and/or ESI used, accessed, or accessible by the Ace Employees in connection with any work for or on behalf of Ace," yet AcePower has not agreed to produce any materials in response to this request.

There is no excuse for this calculated refusal to engage in expedited discovery in direct violation of this Court's orders. As courts in this District have noted, "even if [a party's incorrect legal arguments] were accurate (which they most certainly are not), this would not relieve [that party] of its duty to answer and respond to discovery." *Meyer v. S. Pac. Lines*, 199 F.R.D. 610, 615 (N.D. Ill. 2001) (granting motion to compel interrogatory responses). AcePower's conduct is all the more egregious because it has not provided ***any*** responses or objections at all. Thus, Inventus respectfully submits that AcePower should be ordered to immediately provide substantive written responses and document productions requested by Inventus, within seven days of a Court order. *See, e.g.*, *Autotech Techs.*, 236 F.R.D. at 399 (ordering production of documents within seven days and noting that "[t]hroughout the range of the law, there are time limits imposed on litigants at every stage of the case . . . [and] in each instance, lawyers who do not pay heed to deadlines do so at substantial peril to their and their clients' interests. Even a day's delay can be fatal.").

### B. Additional Relief Under Fed. R. Civ. P. 37 Is Warranted

Rule 37 of the Federal Rules of Civil Procedure provides for a variety of sanctions where, as here, a party simply fails to answer interrogatories or respond to requests for inspection. *See* Fed. R. Civ. P. 37(d). While Inventus believes it is important to be judicious in granting such relief in addition to compelling responses to the requests, given the extent to which AcePower has failed

and refused to participate in the expedited discovery granted by the Court since its new counsel appeared, Inventus respectfully submits that certain additional relief is warranted here including to ensure that AcePower does not continue to flagrantly disregard this Court's orders and the Federal Rules of Civil Procedure.

For instance, courts in this District have found that conduct similar to AcePower's—deliberately failing to respond or object to written discovery requests—warrants waiver of objections to that discovery. *See, e.g.*, *Zambrano v. Sparkplug Capital, LLC*, No. 19 CV 100, 2020 WL 1847396, at *1 (N.D. Ill. Apr. 13, 2020) ("Plaintiff waived any objections it may have had to Defendant's interrogatories and requests for production of documents by not responding to either discovery vehicle in a timely manner."); *Trustees of the Suburban v. Bolingbrook Redi-Mix Co.*, 2016 WL 1258849, at *2 (N.D. Ill. 2016) ("it is 'well-established' that the failure to respond and object within a timely manner 'waives a subsequent assertion of objections in the absence of good cause.'"); *Wielgus*, 2010 WL 3075666, at *3 ("Because JTD has failed to timely respond to defendants' interrogatories and request to produce, JTD must respond fully and completely to the interrogatories and request for production of documents," but "may not pose any objections to the interrogatories and requests for production of documents as those objections, if any, are considered to have been waived."). Likewise, AcePower should be found to have waived its objections to Inventus's Interrogatories and Requests for Production, and required to immediately provide substantive answers with the information sought by those Interrogatories and to produce documents and other materials responsive to those Requests.

Additionally, Inventus should further be awarded the reasonable attorneys' fees it was forced to incur in bringing the instant motion. Fed. R. Civ. P. 37(a)(5)(A). AcePower's conduct is not justified, nor is an award of fees unjust. *See, e.g.*, *Dickson*, 1993 WL 362450, at *12

(granting plaintiffs' "attorneys' fees incurred in gaining the order compelling discovery" where defendant's argument for withholding discovery was "inadequate" and the discovery requests were not "excessive or burdensome").

At bottom, AcePower's failure to respond to Inventus's written discovery has prejudiced Inventus's ability to prepare its forthcoming preliminary injunction motion, and violates Judge Dow's order on Inventus's motion for expedited discovery. The close of expedited discovery is now less than two months away, yet Inventus has not been able to acquire a single document, device for inspection, or discovery response from AcePower. Indeed, AcePower has explicitly stated that it has no intention of providing discovery responses without a Court order, despite Judge Dow *already having entered* two such orders. *See* Dkts. 48, 58. Such flagrant disregard for the orders of the Court, the Federal Rules of Civil Procedure, and AcePower's own stipulations can only be dissuaded by sanctions. *See, e.g.*, *Certain Underwriters at Lloyd's, London Subscribing to Policy No. BO823PP1308460 v. AdvanFort Co.*, No. 118CV1421TSETCB, 2019 WL 3366103, at \*8 (E.D. Va. July 25, 2019) (finding that "Defendant's violations are far from benign" where "Plaintiffs requested basic information that is central to the present dispute"); *Olivet Baptist Church v. Church Mut. Ins. Co.*, No. 13 C 1625, 2015 WL 765715, at \*1 (N.D. Ill. Jan. 7, 2015), *report and recommendation adopted*, No. 13 C 1625, 2015 WL 764051 (N.D. Ill. Feb. 23, 2015) (a party's "lackadaisical approach to discovery is unacceptable and deserving of sanctions" where party, *inter alia*, produced discovery too late to be used in depositions, did not produce other promised discovery, and "obfuscated" damages claim).

## V. CONCLUSION

For the foregoing reasons, Inventus respectfully requests that the Court order AcePower to provide substantive responses to Inventus's Interrogatories and Requests for Production, without any objections, and to produce responsive documents, within 7 days of any order. Inventus further

requests that the Court order the additional relief described in Section IV.B above, and/or any other sanctions the Court deems appropriate under Fed. R. Civ. P. 37.

DATED: August 24, 2020

Respectfully submitted,

*/s/ Gianni Cutri*

Gianni Cutri
Gianni.cutri@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Adam Alper (*admitted pro hac vice*)
adam.alper@kirkland.com
Natalie Flechsig (*admitted pro hac vice*)
natalie.flechsig@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael De Vries (*admitted pro hac vice*)
michael.devries@kirkland.com
Kevin Bendix (*admitted pro hac vice*)
kevin.bendix@kirkland.com
Yimeng Dou (*admitted pro hac vice* )
yimeng.dou@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Attorneys for Plaintiffs
*INVENTUS POWER, and ICC ELECTRONICS (DONGGUAN) LTD.*

14

**CERTIFICATE OF SERVICE**

I, Gianni Cutri, an attorney, hereby certify that on August 24, 2020, I caused a true and correct copy of the foregoing document to be served via the Court's ECF system upon all counsel of record.

DATED: August 24, 2020

*/s/ Gianni Cutri*
Gianni Cutri