# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| INVENTUS POWER, INC., and ICC ELECTRONICS (DONGGUAN) LTD., <br><br> Plaintiffs, <br><br> v. <br><br> SHENZHEN ACE BATTERY CO., LTD., <br><br> Defendant. | Civil Action No.: 1:20-cv-03375 <br><br> Honorable Robert M. Dow, Jr. <br><br> Magistrate Judge Jeffrey Cummings |

## DECLARATION OF JIANWEI FANG

Jianwei Fang, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1.    I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration.    The evidence set out in the foregoing Declaration is based on my personal knowledge.    If called to testify as a witness thereto, I could do so competently under oath.

2.    I am an attorney at the Shanghai Office of the Zhong Lun Law Firm in China.    I received my Bachelor of Law degree from East China University of Politics & Law in 2003, and my Juris Doctor and Master of Laws degrees from Columbia University in the United States in 2010 and 2007, respectively.    I am a member of both the Chinese Bar and the New York State Bar.    I have been licensed to practice law in China for more than 9 years.    Before that, I served as a judge in a basic-level trial court in Zhejiang Province in China.    In my current law practice, I specialize in dispute resolution, corporate compliance and government regulation.    I have published several articles on China's state secrets and data protection laws and regulations.

1

3. I submit this Declaration in support of Inventus's Motion to Compel Discovery under the Federal Rules of Civil Procedure.

4. I have reviewed Judge Dow's order granting Inventus's motion for expedited discovery, which states that "inspections of devices used by the individuals in question while working for Defendant seems a highly logical place to focus attention in determining whether any of Plaintiffs' trade secrets have been disclosed to and used by Defendant. Neither language nor nationality present compelling barriers to proceeding; translators easily can be employed and the use of remote technology is increasingly prevalent in every phase of litigation, especially during the pandemic." Dkt. 48 at 30-31. I have also reviewed the Forensic Examination Protocol Order (the "Protocol Order") signed by Judge Jeffrey Cummings on November 9, 2020 (Dkt. 99). The scope of the inspection includes at least the laptops of key AcePower employees, as well as any other media or devices they used during their employment at AcePower, including external storage devices, shared servers, cloud storage, emails, instant messages (collectively the "Requested Media").

5. In my opinion, making the Requested Media available for forensic inspection by a third-party examiner will not conflict with Chinese law. First, engaging an independent third party to conduct forensic inspection on the Requested Media is unlikely to be deemed as "investigation and evidence collection (调查取证) within the territory of the People's Republic of China" stipulated by the Paragraph 3 of the Article 277 of the Civil Procedural Law. Second, Article 277 is not a "blocking statute" as AcePower required to show. *St. Jude Med. S.C., Inc. v. Janssen-Counotte*, 104 F. Supp. 3d 1150, 1161 (D. Or. 2015) (citing *United States v. Vetco Inc.*, 691 F.2d 1281, 1289 (9th Cir. 1981)) ("A party claiming the shelter of foreign law to avoid discovery must first show that foreign law in fact bars production."). And based on my years of experience and legal research, I am not aware of any Chinese entities being sanctioned or penalized under Article 277 due to their compliance with foreign courts' discovery orders. Indeed, Chinese companies have frequently engaged in discovery before U.S. courts under the Federal Rules of Civil Procedure, and Chinese companies have produced documents and written discovery responses, made their witnesses

available in jurisdictions such as Hong Kong and Macau, made media available for inspection, and participated in forensic investigations for purposes of U.S. litigation.

6.    It is also my opinion that seeking discovery in this case under the Hague Evidence Convention would frustrate the purpose of the Court's order to forensically inspect the Requested Media due to the requirement that the discovery sought be described in detail.    The delay caused by the Hague Evidence Convention also makes the process an impractical endeavor.

## I.    Article 277 of Chinese Civil Procedure Law Does Not Prohibit the Proposed Forensic Investigation in This Case

7.    Article 277 of the Chinese Civil Procedure Law does not prohibit the proposed forensic inspection as laid out in the Court's Protocol Order and does not require that the parties pursue discovery through the Hague Convention.    Article 277 provides:

*Chapter 27: Judicial Assistance*

*Article 277 The request for the providing of judicial assistance shall be effected through channels provided in the international treaties concluded or acceded to by the People's Republic of China; in the absence of such treaties, they shall be effected through diplomatic channels.*

*A foreign embassy or consulate accredited to the People's Republic of China may serve documents on its citizens and make investigations and collect evidence (调查取证) among them, provided that the laws of the People's Republic of China are not violated and no compulsory measures are taken.*

*Except for the conditions provided in the preceding paragraph, no foreign organization or individual may, without the consent of the competent authorities of the People's Republic of China, serve documents or make investigations and collect evidence (调查取证) within the territory of the People's Republic of China.*

8.    It is my opinion that engaging an independent third party to conduct forensic inspection on the Requested Media is unlikely to be deemed as "investigation and evidence collection (调查取证) within the territory of the People's Republic of

3

China" stipulated by the Paragraph 3 of the Article 277 of the Civil Procedural Law. The relevant PRC laws and regulations are silent on what activities in civil cases could be deemed as "investigation and evidence collections (调查取证) within the territory of People's Republic of China", as stipulated by the Paragraph 3 of Article 277 of the Civil Procedural Law. The term shall be interpreted in accordance with the legislative intent, precedents, practices, etc.

9.      The legislative intent of the Article 277 of Civil Procedural Law is to protect the integrity of PRC judicial sovereignty and prohibit foreign judicial authorities (*e.g.*, foreign courts) from exercising judicial power within the territory of China. Indeed, I know of no general prohibition in Chinese law preventing a Chinese litigant in the United States from voluntarily providing access to documents and information that might be used in civil judicial proceedings in a foreign country. Article 277 could have prohibited voluntary participation by Chinese parties in civil proceedings in the United States – but it does not do so. The legislative intent behind Article 277 is clear when contrasted with, for example, the International Criminal Judicial Assistance Law (2018) (a true and correct copy of which is attached to my declaration as Exhibit 1), which applies only to criminal litigation and expressly states: "[N]o institution, organization or individual ***within the territory of the People's Republic of China*** may provide evidentiary materials and assistance prescribed by this Law to foreign countries." *See* Exhibit 1 at Article 4 (emphasis added).    This criminal law prohibits anyone inside the PRC territory, whether Chinese nationals or foreigners, from providing evidence without permission, whether voluntary or not, in conjunction with foreign criminal proceedings.   In contrast, Article 277 only prohibits a "foreign agency or individual" from performing certain tasks inside China.   Thus, Article 277 does not prohibit a Chinese litigant from voluntarily producing documents or other types of discovery to foreign courts from China, or otherwise cooperating with discovery in a foreign civil proceeding like that at issue here.

10.    Further, it is clear from the legislative intent that the act of "making investigation and collecting evidence" within the meaning of Article 277 refers mainly to the exercise of investigative power reserved for the Chinese judicial authorities. The

act of "making investigation and collecting evidence" under Article 277 does not include the production of documents or disclosure of information by one party to an independent third-party examiner for the purpose of resolving a dispute in or out of court, because these acts do not encroach on the supremacy of Chinese judicial authorities. Thus, engaging an independent third party to conduct forensic inspection on the Requested Media is unlikely to be deemed as "investigation and evidence collection (调查取证) within the territory of the People's Republic of China" and Article 277 should not be applied in the present case.

11.    According to the Protocol Order, the forensic examiner will be jointly selected by both parties, and the examiner is neutral from either party and the court. The mission of the examiner is, as an independent third-party, to review Requested Media provided by AcePower, at the facilities of AcePower. Therefore, there is no basis to say that such examiner is controlled by the U.S. court or such inspection is an evidence collection conducted by the U.S. court. Thus, engaging an independent third party to conduct forensic inspection on the Requested Media is unlikely to be deemed as "investigation and evidence collection (调查取证) within the territory of the People's Republic of China" and Article 277 should not be applied in the present case. Further, because the forensic inspection would be implemented by Chinese nationals, this is an additional reason that Article 277 is inapplicable.

12.    In my opinion, Article 277 is not a blocking statute.    I understand that for there to be a conflict of laws or for there to be a blocking statute, there must be more than general allegations or mere speculation of risk for punishment in violation of a foreign statute.    *Autodesk, Inc. v. ZWCAD Software Co.*, No. 5:14-CV-01409-EJD, 2015 WL 1928184, at *5 (N.D. Cal. Mar. 27, 2015);    *Phoenix Process Equip. Co. v. Capital Equip. & Trading Corp.*, No. 3:16CV-00024-RGJ-RSE, 2019 WL 1261352, at *13 (W.D. Ky. Mar. 19, 2019).    Based on my over 9 years of experience practicing law in China, my prior experience working as a judge in China, and my legal research, I am not aware of any instances in which the Chinese government punished or sanctioned an entity for complying with foreign discovery under Article 277.    Indeed, Article 277 does not include any provisions, or even mention, penalties or sanctions for

non-compliance. It is thus my expert opinion that Article 277 does not conflict with the Federal Rules of Civil Procedure and is not a blocking statute here.

13. In fact, many Chinese companies have been routinely involved in U.S. litigations as both plaintiffs and defendants, including in cases involving production of substantial documents and things under the Federal Rules of Civil Procedure. These Chinese litigants have also participated in other types of discovery, including answering written discovery requests, making source code available for inspection, and sitting for depositions (typically in Hong Kong or Macau). For instance, I am personally aware of Zhong Zhi Xing Technology Co. Ltd., AllRide.AI Inc., and Shanghai Union Technology, all Chinese companies that have litigated in the United States and complied with discovery requests including forensic examination. However, to my knowledge, my search of legal databases and news articles reporting about these companies, I have seen no evidence that these companies, or any other, has ever been subject to any penalties or sanctions by the Chinese government or courts as a result of participating in discovery for U.S. litigation. Although this list is not exhaustive, below is a list of recent cases in which companies based in mainland China complied with discovery under the Federal Rules of Civil Procedure:

14. For example, in *WeRide Corp. v. Kun Huang*, No. 5:18-CV-07233-EJD, 2020 WL 1967209 (N.D. Cal. Apr. 24, 2020), two Chinese defendants, Zhong Zhi Xing Technology Co. Ltd. and AllRide.AI Inc., were both engaged in discovery before a court in the United States. In particular, the Northern District of California appointed FTI Consulting as a neutral forensic examiner to perform a forensic inspection of defendant's devices because defendant AllRide admitted "it had not turned off an auto-delete setting on the company's email server leading to the company-wide destruction of emails predating the middle of March 2019," that "several individual email accounts associated with Wang and his wife had been destroyed," and that "[t]he auto-delete function destroyed emails more than three months old." *Id.* at *3. Thus, "[a]s directed by the Court, FTI undertook the following tasks as part of its investigation: (1) quantifying and qualifying the scope of [defendants'] document/email destruction, (2) recovering, to the extent possible using commercially reasonable efforts, any

documents destroyed, and (3) describing, to the extent possible, the nature and contents of any destroyed documents that cannot be recovered." *Id.* at *5. Based on my research, neither Zhong Zhi Xing Technology nor AllRide.AI were sanctioned or penalized for their cooperation with the forensic investigations ordered by the Northern District of California.

15.     Additionally, in *3D Sys. Corp. v. Miller*, No. 1:17-CV-03252-RLY-MJD, 2018 WL 7350939 (S.D. Ind. Mar. 13, 2018), defendant Union Tech. Inc. and its parent in China, Shanghai Union, a Chinese company, were both engaged in discovery in the United States, including producing the laptop used by Shanghai Union's president for forensic discovery.    In particular, "the parties entered into a Stipulated Forensic Protocol (the 'Protocol') pursuant to which the parties ***agreed to the forensic investigation*** and analysis of certain searchable electronic media ('SEM') identified therein."    *Id.* at *1 (emphasis added).    Pursuant to the Protocol, "3D Systems requested that Union Tech submit [Shanghai Union's President's] laptop computers and cell phones for forensic analysis. . . . Union Tech refused to do so."    *Id.*    The court noted that "pursuant to the Stipulated Forensic Protocol, Union Tech has sent the identified SEM devices to the neutral forensic examiner," but held that "[t]o the extent that Union Tech has not provided 3D Systems with any relevant information and/or SEM devices that include 3D Systems Information, ***the Court orders Union Tech to produce the information and/or SEM devices within fourteen (14) days from the date of this Order***."    As confirmed by my research, the defendant Union Tech. was not sanctioned or penalized for cooperating with the forensic investigations.

16.     Moreover, a court in Minnesota reached a similar conclusion that a Chinese party should be required to produce documents, and that court never required the requesting party to go through the Hague Convention.    *See Polaris Indus., Inc. v. CFMOTO Powersports, Inc.*, No. CV 10-4362 (JNE/JJG), 2012 WL 13028232, at *2, *5 (analyzing plaintiff's motion to compel under the Federal Rules of Civil Procedure and holding that non-party parent company "CFMOTO-China and Defendant are so closely related that Defendant should be required to disclose information in CFMOTO-China's physical possession.").    My research confirms that the producing party was

not sanctioned or penalized for participating in discovery in the United States.

17.     Likewise, in *Brown v. China Integrated Energy, Inc.*, the Central District of California explained that "[t]he Court will examine the subject document Requests using the general standard set forth in Federal Rule of Civil Procedure 26(b)(1)," where plaintiff moved to compel documents from defendant China Integrated Energy, Inc. No. CV112559BROPLAX, 2014 WL 12577173, at *2 (C.D. Cal. Aug. 15, 2014).   No Hague Convention procedures were deemed necessary in that case as well.   *Id.*   In addition, based on my research, China Integrated Energy, Inc. was not sanctioned or penalized for participating in discovery in the United States.

18.     Additionally, in *Munoz v. China Expert Tech., Inc.*, the Southern District of New York similarly required the Chinese defendant to provide discovery pursuant to the Federal Rules of Civil Procedure.   No. 07 CIV. 10531 AKH, 2011 WL 5346323, at *1 (S.D.N.Y. Nov. 7, 2011).   Although "[d]efendants argue that the procedures of the Hague Convention should first be followed," the court noted that "[t]hese procedures are slow and cumbersome, and subject discovery to the law of the country where the producing party is located." *Id.*   Thus, it concluded that "discovery will proceed under the Federal Rules of Civil Procedure." because "[t]he lawsuit is properly in this Court's jurisdiction, involves securities sold in the United States and under the protection of United States' laws governing United States capital markets, and implicates important United States' policies and practices . . . ." *Id.*   As confirmed by my research, the Chinese defendant, China Expert Tech., Inc., was not sanctioned or penalized for participating in discovery in the United States.

19.     Further, in *Loops LLC v. Phoenix Trading, Inc.*, the court also declined to require the use of the Hague Convention for depositions of a Chinese defendant.   No. C08-1064 RSM, 2010 WL 786030, at *4 (W.D. Wash. Mar. 4, 2010).   Indeed, the court expressly rejected the Chinese defendant's argument that "because China joined part of the Hague Evidence Convention, Plaintiffs should not be allowed to take the depositions of Chinese persons at all, an argument contrary to the policies behind the Convention. . . ." *Id.*   The court also found the defendant's arguments unpersuasive because "[d]efendants make no contention that Convention procedures will facilitate

the gathering of evidence while protecting China's sovereign interests." *Id.* Based on my research, the parties were not sanctioned or penalized for participating in discovery in the United States.

20. Forensic investigations conducted in China for foreign litigation have also become commonplace. For instance, Dr. Tim Klatte, a forensic examination expert from Grant Thornton Accounting Firm (Special General Partnership) in China, has conducted many forensic analyses in mainland China in cases involving Chinese parties litigating in foreign cases. I confirmed with Dr. Klatte that he has no knowledge of Chinese authorities ever penalizing or sanctioning a party for complying with the forensic investigations that he carried out. *Autodesk, Inc. v. ZWCAD Software Co.*, No. 5:14-CV-01409-EJD, 2015 WL 1928184, at *5 (N.D. Cal. Mar. 27, 2015) ("[Defendant]'s generalized allegations that production of its source code and related documents may subject it to liability under Chinese laws are insufficient to establish that a genuine sovereign interest is at issue here."); *Phoenix Process Equip. Co. v. Capital Equip. & Trading Corp.*, No. 3:16CV-00024-RGJ-RSE, 2019 WL 1261352, at *13 (W.D. Ky. Mar. 19, 2019) ("Selectively citing to Russian laws that may or may not impact the production of the requested documents is insufficient to establish a forthcoming violation of Russian law. . . . For these reasons, Defendants have not carried their burden of establishing that Russian law truly conflicts with United States' laws or bars production of the specific documents at issue.").

21. I understand that the neutral examiner in this case (Mr. Daniel Roffman of FTI Consulting) has also conducted forensic examinations in mainland China for U.S. litigations, which further supports my opinion that the present analysis is not barred by Article 277. I understand that this analysis is done by Mr. Roffman's staff located in mainland China who are experienced in conducting forensic investigations there. Dkt. 79 at 7 ("Mr. Roffman is experienced in leading the digital forensic investigation and cyber security team at FTI's Shanghai, China office, which frequently performs intellectual property and data leakage investigations, computer forensic expert analysis, and data collection and analysis in China."). As just one example, Mr. Roffman's staff was recently appointed by the Northern District of California to conduct forensic

analysis in China, which proceeded under the Federal Rules of Evidence. *Id*. ("For instance, Mr. Han Lai in FTI's Shanghai office—who would work alongside Mr. Roffman in this case—was recently appointed as part of the FTI team by the Northern District of California as a neutral forensic expert in the *WeRide Corp. v. Huang* trade secret dispute (No. 5:18-CV-07233) that involved issues such as electronic evidence spoliation, and testified in that dispute, which involved collection of discovery in China."). These facts further bolster my opinion that Article 277 does not bar forensic investigation the Requested Media from AcePower.

22. I understand AcePower raised the issue of potential sanctions by Chinese authorities for violating Article 277. But as I explained, based on my over 9 years of experience practicing law in China, my prior experience working as a judge in China, and my legal research, I am also not aware of any cases or instances in which a Chinese party's offering of information for evidence in a foreign judicial proceeding has been deemed illegal or led to prosecution. Based on my understanding of the forensic protocol in this case, it will not trigger Article 277 or in any way require the express consent of the Chinese authorities.

23. In my opinion, AcePower can also agree to make the Requested Media available for inspection outside of mainland China (for instance, Hong Kong). In my opinion, providing discovery outside of mainland China would not implicate Article 277 because the Civil Procedural Law is only applicable to acts taken place within the territory of People's Republic of China in accordance with Article 3 and Article 4 of Civil Procedural Law. Indeed, Chinese litigants have often produced discovery in this manner.

24. Furthermore, I am not aware of any Chinese law or regulation that generally forbids the litigant from voluntarily opening up "access" of foreign individuals or organizations to documents, information, or objects that might be used in a civil litigation in a foreign country.

**II. The Hague Convention Is Not a Viable Alternative for the Requested Discovery in This Case**

25. In my opinion, conducting discovery under the Hague Evidence Convention is not a viable option for obtaining the requested discovery in this case. First, PRC sets higher requirements for execution of Letters of Request issued for the purpose of obtaining pre-trial discovery of documents. Article 23 of *Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters* ("Hague Convention") provides that, a Contracting State may at the time of signature, ratification or accession, declare that it will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in common law countries. PRC made a declaration when joining the Hague Convention, that in accordance with Article 23 of the Convention concerning the Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in common law countries, only the request for obtaining discovery of the documents clearly enumerated in the Letters of Request and of direct and close connection with the subject matter of the litigation will be executed. Secondly, it is not realistic for Inventus to describe all the misappropriated information with the mandated specificity required by the Hague Convention. Under Article 3 of Hague Convention, a requesting party (i.e. the Plaintiff) shall submit a Letter of Request specifying the nature of the evidence and all information pertinent to the evidence. This requirement mandates a detailed description of the exact documents sought to be discovered and produced through the Hague process, including documents possessed by AcePower that Inventus has no access to and cannot possibly describe with sufficient specificity. The fact that AcePower has already incorporated Inventus's confidential information into its own documents, including for instance AcePower's patent filings (Dkt. 9 at ¶¶ 47–50), shows that describing all the misappropriated information with the mandated specificity is not realistic, especially in view of AcePower's concealment. Moreover, given that more than 140,000 documents were misappropriated by Ace, describing such a large quantity of documents in sufficient detail pursuant to the Hague Convention is simply impossible.

26. Even if relevant requests for judicial assistance have been submitted in accordance with the Hague Evidence Convention, it is predicted that relevant requests

for pre-trial discovery for a US litigation would not be efficiently handled by the PRC authorities, considering that a lengthy procedure to review the connection between the documents to be produced and the subject matter of the litigation would be taken, and even would be directly rejected after such procedure.

27.     In my opinion, pursuing discovery through the Hague Convention will delay the court-ordered forensic examination by at least one year.    According to Article 26 of the *Provisions of the Supreme People's Court on Requesting Judicial Assistance in Service of Judicial Documents and Taking Evidence in Civil and Commercial Cases in Accordance with the International Convention and Bilateral Judicial Treaty*, the requesting party shall submit the Letter of Request as requested in the Hague Convention.    The Letter of Request is filed by a U.S. court with the central authority of the United States under the Convention and later being transferred to or directly with PRC Ministry of Justice and reviewed by PRC Supreme People's Court and various levels of the people's courts. Based on my experience, the Chinese authorities typically take 6 months to one year to respond to the Letter of Request[1]  and often ask for additional clarification or modification before sending the request for execution by the Chinese courts.    Given the large number of documents and Inventus's inability to describe them with sufficient detail, it is unlikely that the Chinese authorities could effectively interpret and handle the request, and it would likely be indefinitely delayed for reasons relating to its administration, as opposed to its merits.

**III. Conclusion**

28.     Therefore, based on my review and analysis of the relevant law and facts, I am of opinion that Chinese law does not bar the forensic inspection and other types of discovery ordered by the Court in mainland China.

---

[1]  See http://www.360doc.com/content/16/0624/00/17508011_570274483.shtml, last visit at 17:11 2020/11/15. According to the interview with Ms. Li Zhi Ying, the contact person of the Hague Convention in China, no request was responded within 6 months, and 42% requests were responded in 6 months to one year, based on an investigation launched by the Hague International Private Law Conference in 2013.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to my knowledge.

Executed on November 20, 2020.

Jianwei Fang

Exhibit 1

*Nov. 19, 2020*

*Thursday*

>>>Welcome visitor, you're not logged in.   Login    Subscribe Now!

Home        User Management        About Us        Chinese

**lawinfochina.com** > **Laws & Regulations** > **Text**

📑 Bookmark    📥 Download    🖨 Print        Search:            🔍        ☐ "Fabao" Window        Font Size: A A A    

**Law of the People's Republic of China on International Criminal Judicial Assistance [Effective]**

中华人民共和国国际刑事司法协助法 [现行有效]

【法宝引证码】CLI.1.324534(EN)

| | |
|---|---|
| **Issuing authority:** Standing Committee of the National People's Congress | **Document Number:** Order No. 13 of the President of the People's Republic of China |
| **Date issued:** 10-26-2018 | **Effective date:** 10-26-2018 |
| **Level of Authority:** Laws | **Area of Law:** Judicial Assistance |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Order of the President of the People's Republic of China

(No. 13)

The Law of the People's Republic of China on International Criminal Judicial Assistance, as adopted at the 6th Session of the Standing Committee of the Thirteenth National People's Congress of the People's Republic of China on October 26, 2018, is hereby issued, and shall come into force on the date of issuance.

President of the People's Republic of China: Xi Jinping

October 26, 2018

Law of the People's Republic of China on International Criminal Judicial Assistance

(Adopted at the 6th Session of the Standing Committee of the Thirteenth National People's Congress of the People's Republic of China on October 26, 2018)

Table of Contents

Chapter I General Provisions

Chapter II Presentation, Receipt and Handling of Requests for Criminal Judicial Assistance

Section 1 Requesting a Foreign Country to Provide Criminal Judicial Assistance

Section 2 Requesting the People's Republic of China to Provide Criminal Judicial Assistance

Chapter III Service of Documents

Section 1 Requesting a Foreign Country to Serve Documents

Section 2 Requesting the People's Republic of China to Serve Documents

Chapter IV Investigation and Evidence Collection

Section 1 Requesting a Foreign Country to Conduct Investigation and Collect Evidence

中华人民共和国主席令

（第十三号）

《中华人民共和国国际刑事司法协助法》已由中华人民共和国第十三届全国人民代表大会常务委员会第六次会议于2018年10月26日通过，现予公布，自公布之日起施行。

中华人民共和国主席 习近平

2018年10月26日

中华人民共和国国际刑事司法协助法

（2018年10月26日第十三届全国人民代表大会常务委员会第六次会议通过）

目　　录

第一章　总　　则

第二章　刑事司法协助请求的提出、接收和处理

第一节　向外国请求刑事司法协助

第二节　向中华人民共和国请求刑事司法协助

第三章　送达文书

第一节　向外国请求送达文书

第二节　向中华人民共和国请求送达文书

第四章　调查取证

第一节　向外国请求调查取证

Section 2 Requesting the People's Republic of China to Conduct Investigation and Collect Evidence

Chapter V Arranging for a Witness to Testify or Assist in Investigation

Section 1 Requesting a Foreign Country to Arrange for a Witness to Testify or Assist in Investigation

Section 2 Requesting the People's Republic of China to Arrange for a Witness to Testify or Assist in Investigation

Chapter VI Seizure, Impoundment and Freezing of Property Involved in a Case

Section 1 Requesting a Foreign Country to Seize, Impound or Freeze the Property Involved in a Case

Section 2 Requesting the People's Republic of China to Seize, Impound or Freeze the Property Involved in a Case

Chapter VII Confiscation and Return of Illegal Income and Other Property Involved in a Case

Section 1 Requesting a Foreign Country to Confiscate or Return the Illegal Income and Other Property Involved in a Case

Section 2 Requesting the People's Republic of China to Confiscate or Return the Illegal Income and Other Property Involved in a Case

Chapter VIII Transfer of Sentenced Persons

Section 1 Transfer of Sentenced Persons to a Foreign Country

Section 2 Transfer of Sentenced Persons to the People's Republic of China

Chapter IX Supplementary Provisions

Chapter I General Provisions

第二节 向中华人民共和国请求调查取证

第五章 安排证人作证或者协助调查

第一节 向外国请求安排证人作证或者协助调查

第二节 向中华人民共和国请求安排证人作证或者协助调查

第六章 查封、扣押、冻结涉案财物

第一节 向外国请求查封、扣押、冻结涉案财物

第二节 向中华人民共和国请求查封、扣押、冻结涉案财物

第七章 没收、返还违法所得及其他涉案财物

第一节 向外国请求没收、返还违法所得及其他涉案财物

第二节 向中华人民共和国请求没收、返还违法所得及其他涉案财物

第八章 移管被判刑人

第一节 向外国移管被判刑人

第二节 向中华人民共和国移管被判刑人

第九章 附 则

第一章 总 则

**Article 1** This Law is developed for purposes of guaranteeing the normal proceeding of international criminal judicial assistance, strengthening international cooperation in the field of criminal judicial justice, effectively punishing crimes, protecting the lawful rights and interests of individuals and organizations, and maintaining national interest and social order.

**Article 2** For the purpose of this Law, "international criminal judicial assistance" means the mutual assistance provided between the People's Republic of China and foreign countries in the investigation, criminal investigation, prosecution, trial, execution and other activities of criminal cases, including the service of documents, investigation and evidence collection, arrangement of witnesses to testify or assist in investigation, seizure, impoundment and freezing of properties involved in cases, confiscation and return of illegal income and other properties involved in cases, transfer of sentenced persons and other assistance.

**Article 3** Criminal judicial assistance between the People's Republic of China and foreign countries shall be provided in accordance with this Law.

The provisions of this Law, the Criminal Procedure Law and other relevant laws shall apply to the execution of requests for criminal judicial assistance made by foreign countries.

Such matters as the authority which signs the written request, the language of the written request and attached materials, the relevant time limit for handling and specific procedures may be handled in accordance with the provisions of criminal judicial assistance treaties or

**第一条** 为了保障国际刑事司法协助的正常进行，加强刑事司法领域的国际合作，有效惩治犯罪，保护个人和组织的合法权益，维护国家利益和社会秩序，制定本法。

**第二条** 本法所称国际刑事司法协助，是指中华人民共和国和外国在刑事案件调查、侦查、起诉、审判和执行等活动中相互提供协助，包括送达文书，调查取证，安排证人作证或者协助调查，查封、扣押、冻结涉案财物，没收、返还违法所得及其他涉案财物，移管被判刑人以及其他协助。

**第三条** 中华人民共和国和外国之间开展刑事司法协助，依照本法进行。

执行外国提出的刑事司法协助请求，适用本法、刑事诉讼法及其他相关法律的规定。

对于请求书的签署机关、请求书及所附材料的语言文字、有关办理期限和具体程序等事项，在不违反中华人民共和国

through consultation by both parties, provided that they are not against the basic principles of laws of the People's Republic of China.

**Article 4** The People's Republic of China and foreign countries shall provide international criminal judicial assistance under the principles of equality and reciprocity.

International criminal judicial assistance shall not damage the sovereignty, security or public interest of the People's Republic of China, and shall not violate the basic principles of laws of the People's Republic of China.

No foreign institution, organization or individual may conduct criminal proceedings prescribed by this Law within the territory of the People's Republic of China without the approval of the competent authority of the People's Republic of China, and no institution, organization or individual within the territory of the People's Republic of China may provide evidentiary materials and assistance prescribed by this Law to foreign countries.

**Article 5** Criminal judicial assistance between the People's Republic of China and foreign countries shall be provided through liaison with foreign affairs liaison authorities.

The Ministry of Justice of the People's Republic of China and other foreign affairs liaison authorities shall be responsible for proposing, receiving and forwarding the requests for criminal judicial assistance and handling other affairs relating to international criminal judicial assistance.

The People's Republic of China and foreign countries shall communicate with each other through diplomatic channels, if there are no criminal judicial assistance treaties between them.

**Article 6** The National Supervisory Commission, the Supreme People's Court, the Supreme People's Procuratorate, the Ministry of Public Security, the Ministry of State Security and other departments are the competent authorities in charge of international criminal judicial assistance, and shall be responsible for examining criminal judicial assistance requests made to foreign countries, examining and handling criminal judicial assistance requests made by foreign countries and forwarded by foreign affairs liaison authorities, and undertaking other work relating to international criminal judicial assistance according to the division of functions. In the cases on the transfer of sentenced persons, the Ministry of Justice shall, according to the division of functions, undertake the functions of corresponding competent authorities.

The organs handling criminal judicial assistance cases are the case handling organs of international criminal judicial assistance, and shall be responsible for submitting to the competent authorities to which they are subordinate the requests for criminal judicial assistance to be made to foreign countries, and executing the requests for criminal judicial assistance made by foreign countries and assigned by the competent authorities to which they are subordinate.

**Article 7** The state shall guarantee the funds required for international criminal judicial assistance.

**Article 8** The expenses incurred from the mutual execution of requests for criminal judicial assistance between the People's Republic of China and foreign countries shall be borne in accordance with the provisions of the treaty if there is a treaty; and shall be resolved through consultation under the principles of equality and reciprocity if there is no treaty or it is not provided for in the treaty.

Chapter II Presentation, Receipt and Handling of Requests for Criminal Judicial Assistance

国法律的基本原则的情况下，可以按照刑事司法协助条约的规定或者双方协商办理。

　　**第四条**　中华人民共和国和外国按照平等互惠原则开展国际刑事司法协助。

国际刑事司法协助不得损害中华人民共和国的主权、安全和社会公共利益，不得违反中华人民共和国法律的基本原则。

非经中华人民共和国主管机关同意，外国机构、组织和个人不得在中华人民共和国境内进行本法规定的刑事诉讼活动，中华人民共和国境内的机构、组织和个人不得向外国提供证据材料和本法规定的协助。

　　**第五条**　中华人民共和国和外国之间开展刑事司法协助，通过对外联系机关联系。

中华人民共和国司法部等对外联系机关负责提出、接收和转递刑事司法协助请求，处理其他与国际刑事司法协助相关的事务。

中华人民共和国和外国之间没有刑事司法协助条约的，通过外交途径联系。

　　**第六条**　国家监察委员会、最高人民法院、最高人民检察院、公安部、国家安全部等部门是开展国际刑事司法协助的主管机关，按照职责分工，审核向外国提出的刑事司法协助请求，审查处理对外联系机关转递的外国提出的刑事司法协助请求，承担其他与国际刑事司法协助相关的工作。在移管被判刑人案件中，司法部按照职责分工，承担相应的主管机关职责。

办理刑事司法协助相关案件的机关是国际刑事司法协助的办案机关，负责向所属主管机关提交需要向外国提出的刑事司法协助请求、执行所属主管机关交办的外国提出的刑事司法协助请求。

　　**第七条**　国家保障开展国际刑事司法协助所需经费。

　　**第八条**　中华人民共和国和外国相互执行刑事司法协助请求产生的费用，有条约规定的，按照条约承担；没有条约或者条约没有规定的，按照平等互惠原则通过协商解决。

　　第二章　刑事司法协助请求的提出、接收和处理

Section 1 Requesting a Foreign Country to Provide Criminal Judicial Assistance

第一节　向外国请求刑事司法协助

**Article 9** Where the case handling organ needs to request a foreign country to provide criminal judicial assistance, it shall prepare a written request for criminal judicial assistance with the relevant materials attached, which shall, after being examined and approved by the competent authority to which it is subordinate, be filed by the foreign affairs liaison authority with the foreign country in a timely manner.

**第九条**　办案机关需要向外国请求刑事司法协助的，应当制作刑事司法协助请求书并附相关材料，经所属主管机关审核同意后，由对外联系机关及时向外国提出请求。

**Article 10** A written request for criminal judicial assistance shall be filed with a foreign country in accordance with the provisions of the criminal judicial assistance treaty; if there is no such treaty or it is not provided for in the treaty, the provision of Article 13 of this Law may apply mutatis mutandis, or if the requested country has particular requirements, the request may be filed according to the particular requirements of the requested country, provided that it is not against the basic principles of laws of the People's Republic of China.

**第十条**　向外国的刑事司法协助请求书，应当依照刑事司法协助条约的规定提出；没有条约或者条约没有规定的，可以参照本法第十三条的规定提出；被请求国有特殊要求的，在不违反中华人民共和国法律的基本原则的情况下，可以按照被请求国的特殊要求提出。

The written request and the attached materials shall be prepared in Chinese and be accompanied by a translation of the official language of the requested country.

请求书及所附材料应当以中文制作，并附有被请求国官方文字的译文。

**Article 11** Where the requested country puts forward additional conditions for the execution of a request for criminal judicial assistance, if it does not damage the sovereignty, security or public interest of the People's Republic of China, the Ministry of Foreign Affairs may make a commitment. If the requested country expressly states that the commitment made by the foreign affairs liaison authority is sufficient and effective, the foreign affairs liaison authority may also make a commitment. The commitment to restrict prosecution shall be decided by the Supreme People's Procuratorate; and the commitment to sentencing shall be decided by the Supreme People's Court.

**第十一条**　被请求国执行刑事司法协助请求提出附加条件，不损害中华人民共和国的主权、安全和社会公共利益的，可以由外交部作出承诺。被请求国明确表示对外联系机关作出的承诺充分有效的，也可以由对外联系机关作出承诺。对于限制追诉的承诺，由最高人民检察院决定；对于量刑的承诺，由最高人民法院决定。

When investigating the criminal liability of a person involved in a case, the relevant authority shall be bound by the commitment made.

在对涉案人员追究刑事责任时，有关机关应当受所作出的承诺的约束。

**Article 12** After receiving the relevant notice or execution result provided by a foreign country, the foreign affairs liaison authority shall forward it to or inform the competent authority in a timely manner.

**第十二条**　对外联系机关收到外国的有关通知或者执行结果后，应当及时转交或者转告有关主管机关。

Where a foreign country requests a notification of the litigation result in a case for which it provides criminal judicial assistance, the foreign affairs liaison authority shall transfer the case to the competent authority for handling.

外国就其提供刑事司法协助的案件要求通报诉讼结果的，对外联系机关转交有关主管机关办理。

Section 2 Requesting the People's Republic of China to Provide Criminal Judicial Assistance

第二节　向中华人民共和国请求刑事司法协助

**Article 13** When a foreign country requests the People's Republic of China to provide criminal judicial assistance, it shall file a written request in accordance with the provisions of the criminal judicial assistance treaty. If there is no treaty or it is not provided for in the treaty, it shall indicate the following matters in the written request and attach the relevant materials :

**第十三条**　外国向中华人民共和国提出刑事司法协助请求的，应当依照刑事司法协助条约的规定提出请求书。没有条约或者条约没有规定的，应当在请求书中载明下列事项并附相关材料：

(1) Name of the organ that makes the request.

（一）请求机关的名称；

(2) Case nature, basic information on personnel involved in the case and criminal facts.

（二）案件性质、涉案人员基本信息及犯罪事实；

(3) Legal provisions applicable to this case.

（三）本案适用的法律规定；

(4) Requested matters and the purpose of the request.

（四）请求的事项和目的；

(5) Correlation between requested matters and the case.

（五）请求的事项与案件之间的关联性；

(6) The period during which the request shall be executed.

（六）希望请求得以执行的期限；

(7) Other necessary information or additional requirements.

In the absence of a criminal judicial assistance treaty, the requesting country shall make a reciprocal commitment.

The written request and the attached materials shall be accompanied by a Chinese translation.

**Article 14** Under any of the following circumstances, a request for criminal judicial assistance made by a foreign country to the People's Republic of China may be rejected:

(1) The conduct against which the request is made does not constitute a crime in accordance with the laws of the People's Republic of China.

(2) When a request is received, the crime against which the request is made is subject to investigation, criminal investigation, prosecution and trial within the territory of the People's Republic of China, an effective judgment has been rendered, criminal proceedings have been terminated, or the term for prosecution has expired.

(3) The crime against which the request is made is a political offense.

(4) The crime against which the request is made is purely a military offense.

(5) The purpose of the request is to conduct investigation, criminal investigation, prosecution, trial or execute the punishment on the grounds of race, ethnicity, religion, nationality, gender, political opinion, or identity, among others, or the party may receive unfair treatment for the aforesaid reasons.

(6) The requested matters have no substantial relations with the case on which the request for assistance is made.

(7) Any other circumstance where the request may be rejected.

**Article 15** When the foreign affairs liaison authority receives a foreign country's request for criminal judicial assistance, it shall examine the written request and the attached materials. If the form and content of the written request satisfy the relevant requirements, the written request and the attached materials shall be forwarded to the competent authority for handling according to the division of functions. If the form and content of the written request fail to satisfy the requirements, the requesting country may be required to supplement materials or submit a new written request.

Where the request for criminal judicial assistance evidently damages the sovereignty, security or public interest of the People's Republic of China, the foreign affairs liaison authority may directly reject the request.

**Article 16** After receiving the written request for criminal judicial assistance and the attached materials forwarded by the foreign affairs liaison authority, the competent authority shall conduct examination and handle them respectively as follows:

(1) Where the competent authority deems that it may assist in the execution in accordance with the provisions of this Law and the criminal judicial assistance treaty, it shall make a decision and arrange the execution by the relevant case handling organ.

(2) Where the competent authority deems that it shall refuse to provide assistance, either entirely or partially, as prescribed by Article 4 or 14 of this Law or the criminal judicial assistance treaty, it shall return the written request and the attached materials to the foreign affairs liaison authority and explain the reason.

（七）其他必要的信息或者附加的要求。

在没有刑事司法协助条约的情况下，请求国应当作出互惠的承诺。

请求书及所附材料应当附有中文译文。

**第十四条** 外国向中华人民共和国提出的刑事司法协助请求，有下列情形之一的，可以拒绝提供协助：

（一）根据中华人民共和国法律，请求针对的行为不构成犯罪；

（二）在收到请求时，在中华人民共和国境内对于请求针对的犯罪正在进行调查、侦查、起诉、审判，已经作出生效判决，终止刑事诉讼程序，或者犯罪已过追诉时效期限；

（三）请求针对的犯罪属于政治犯罪；

（四）请求针对的犯罪纯属军事犯罪；

（五）请求的目的是基于种族、民族、宗教、国籍、性别、政治见解或者身份等方面的原因而进行调查、侦查、起诉、审判、执行刑罚，或者当事人可能由于上述原因受到不公正待遇；

（六）请求的事项与请求协助的案件之间缺乏实质性联系；

（七）其他可以拒绝的情形。

**第十五条** 主管联系机关收到外国提出的刑事司法协助请求，应当对请求书及所附材料进行审查。对于请求书形式和内容符合要求的，应当按照职责分工，将请求书及所附材料转交有关主管机关处理；对于请求书形式和内容不符合要求的，可以要求请求国补充材料或者重新提出请求。

对于刑事司法协助请求明显损害中华人民共和国的主权、安全和社会公共利益的，对外联系机关可以直接拒绝协助。

**第十六条** 主管机关收到对外联系机关转交的刑事司法协助请求书及所附材料后，应当进行审查，并分别作出以下处理：

（一）根据本法和刑事司法协助条约的规定认为可以协助执行的，作出决定并安排有关办案机关执行；

（二）根据本法第四条、第十四条或者刑事司法协助条约的规定，认为应当全部或者部分拒绝协助的，将请求书及所附材料退回对外联系机关并说明理由；

(3) Where the competent authority has confidentiality requirements for or other conditions attached to the execution of the request, it shall put forward such requirements or conditions to the foreign country through the foreign affairs liaison authority, and decide to execute the request with attached conditions after the foreign country accepts the conditions and makes a written commitment.

（三）对执行请求有保密要求或者有其他附加条件的，通过对外联系机关向外国提出，在外国接受条件并且作出书面保证后，决定附条件执行；

(4) Where the competent authority deems it necessary to supplement materials, it shall notify the foreign affairs liaison authority in writing to require the requesting country to provide the materials within a reasonable time limit.

（四）需要补充材料的，书面通知对外联系机关要求请求国在合理期限内提供。

Where the competent authority deems that the execution of a request may obstruct the ongoing investigation, criminal investigation, prosecution, trial or execution of the relevant authority of the People's Republic of China, it may decide to postpone assistance and shall notify in writing the foreign affairs liaison authority of the decision on and grounds for postponing the assistance.

执行请求可能妨碍中华人民共和国有关机关正在进行的调查、侦查、起诉、审判或者执行的，主管机关可以决定推迟协助，并将推迟协助的决定和理由书面通知对外联系机关。

Where a foreign country has confidentiality requirements or other particular procedural requirements for the execution of its request, the competent authority may arrange the execution of the request in accordance with such requirements provided that it is not against the basic principles of laws of the People's Republic of China.

外国对执行其请求有保密要求或者特殊程序要求的，在不违反中华人民共和国法律的基本原则的情况下，主管机关可以按照其要求安排执行。

**Article 17** The case handling organ shall, after receiving a foreign country's request for criminal judicial assistance assigned by the competent authority, execute the request in accordance with the law, and report the execution result or circumstances that obstruct execution to the competent authority in a timely manner.

　　**第十七条**　办案机关收到主管机关交办的外国刑事司法协助请求后，应当依法执行，并将执行结果或者妨碍执行的情形及时报告主管机关。

In the course of executing a request, the case handling organ shall protect the lawful rights and interests of the parties and other relevant persons, and protect personal information.

办案机关在执行请求过程中，应当维护当事人和其他相关人员的合法权益，保护个人信息。

**Article 18** Where a foreign country requests the use of evidentiary materials obtained through criminal judicial assistance for purposes other than the request for a specific case, the foreign affairs liaison authority shall forward the request to the competent authority, and the competent authority shall make a decision on whether to approve the application or not.

　　**第十八条**　外国请求将通过刑事司法协助取得的证据材料用于请求针对的案件以外的其他目的的，对外联系机关应当转交主管机关，由主管机关作出是否同意的决定。

**Article 19** After receiving the relevant notice or execution result provided by the competent authority, the foreign affairs liaison authority shall forward it to or inform the requesting country in a timely manner.

　　**第十九条**　对外联系机关收到主管机关的有关通知或者执行结果后，应当及时转交或者转告请求国。

For a case with criminal judicial assistance provided by the People's Republic of China, the competent authority may, through the foreign affairs liaison authority, require the foreign country to notify the litigation result.

对于中华人民共和国提供刑事司法协助的案件，主管机关可以通过对外联系机关要求外国通报诉讼结果。

Where the foreign country notifies the litigation result, the foreign affairs liaison authority shall, after receiving the relevant materials, forward them to or inform the competent authority in a timely manner, and if it involves the criminal lawsuit filed against a citizen of the People's Republic of China, it shall also notify the Ministry of Foreign Affairs.

外国通报诉讼结果的，对外联系机关收到相关材料后，应当及时转交或者转告主管机关，涉及对中华人民共和国公民提起刑事诉讼的，还应当通知外交部。

Chapter III Service of Documents

第三章　送达文书

Section 1 Requesting a Foreign Country to Serve Documents

第一节　向外国请求送达文书

**Article 20** Where the case handling organ needs a foreign country's assistance in serving the summons, notice, indictment, written judgment or any other judicial document, it shall prepare a written request for criminal judicial assistance with the relevant materials attached, which shall, after being examined and approved by the competent authority to which it is

　　**第二十条**　办案机关需要外国协助送达传票、通知书、起诉书、判决书和其他司法文书的，应当制作刑事司法协助请求书并附相关材料，经所属主管机关审核同意后，由对外联系机关及时向外国提出请求。

subordinate, be filed by the foreign affairs liaison authority with the foreign country in a timely manner.

**Article 21** Where a request for the service of documents is made to a foreign country, the written request shall indicate the name or title of the recipient, the address for the service of documents and the relevant rights and obligations of which the recipient shall be informed.

Section 2 Requesting the People's Republic of China to Serve Documents

. . . . . .

第二十一条　向外国请求送达文书的，请求书应当载明受送达人的姓名或者名称、送达的地址以及需要告知受送达人的相关权利和义务。

　　第二节　向中华人民共和国请求送达文书

. . . . . .

Dear visitor,you are attempting to view a subscription-based section of lawinfochina.com. If you are already a subscriber, please login to enjoy access to our databases . If you are not a subscriber, please subscribe . You can purchase a single article through Online Pay to immediately view and download this document. Should you have any questions, please contact us at:

+86 (10) 8268-9699 or +86 (10) 8266-8266 (ext. 153)

Mobile: +86 133-1157-0712

Fax: +86 (10) 8266-8268

database@chinalawinfo.com

您好：您现在要进入的是北大法律英文网会员专区，如您是我们英文用户可直接 登录，进入会员专区查询您所需要的信息；如您还不是我们的 英文用户，请注册并交纳相应费用成为我们的英文会员；您也可通过网上支付进行单篇购买，支付成功后即可立即查看本篇法规。如有问题请来电咨询；

Tel: +86 (10) 82689699, +86 (10) 82668266 ext. 153

Mobile: +86 13311570712

Fax: +86 (10) 82668268

E-mail: database@chinalawinfo.com

【法宝引证码】CLI.1.324534(EN)　　　北大法宝www.lawinfochina.com

**Message: Please kindly comment on the present translation.**

Confirmation Code: _____ *1234*　Click image to reset code!

Submit

Translations are by lawinfochina.com, and we retain exclusive copyright over content found on our website except for content we publish as authorized by respective copyright owners or content that is publicly available from government sources.

Due to differences in language, legal systems, and culture, English translations of Chinese law are for reference purposes only. Please use the official Chinese-language versions as the final authority. lawinfochina.com and its staff will not be directly or indirectly liable for use of materials found on this website.

We welcome your comments and suggestions, which assist us in continuing to improve the quality of our materials.