UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INVENTUS POWER, INC., and<br>ICC ELECTRONICS (DONGGUAN) LTD.,<br>Plaintiff,<br><br>v.<br><br>SHENZHEN ACE BATTERY CO., LTD.,<br>Defendants. | Case No.: 1:20-cv-03357<br><br>Judge Honorable Robert M. Dow, Jr.<br><br>Magistrate Judge Honorable Jeffrey Cummings |

**AFFIDAVIT OF NICK(QINGHUI) LIU ON THE ISSUES OF CHINESE LAW IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL FORENSIC INSPECTION PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE**

**TABLE OF CONTENTS**

**QUESTIONS PRESENTED** ..................................................................................................2

**BRIEF ANSWERS**..................................................................................................................3

**DISCUSSION** ..........................................................................................................................3

    I.   ARTICLE 277 OF THE CIVIL PROCEDURE LAW OF P.R.C PROHIBITS DISCOVERY BY FOREIGN INSTITUTIONS AND INDIVIDUALS IN CHINA WITHOUT PROPER PERMISSIONS ........................3

       A.   The Language in Article 277 of the Civil Procedure Law of P.R.C. Is Clear .................3

       B.   The Legislative Intent of Article 277 of the Civil Procedure Law of P.R.C. Is Clear ....4

    II.   THE REQUESTING PARTY TO A FOREIGN LEGAL PROCEEDING MUST SEEK JUDICIAL ASSISTANCE FROM THE COMPETENT CHINA AUTHORITY THROUGH THE HAGUE EVIDENCE.7

    III.   WITHOUT THE PERMISSION FROM THE COMPETENT CHINESE AUTHORITIES, NO CHINESE ENTITIES OR INDIVIDUALS SHALL PROVIDE EVIDENCE WITHIN THE TERRITORY OF CHINA TO FOREIGN COURTS, AUTHORITIES AND OTHER PARTIES .......................................................8

**CONCLUSION** .......................................................................................................................9

I, Nick(Qinghui) Liu, declare and state as follows:

1. I am a senior partner at Anjie Law Firm (Beijing office) (address: address:19/F, Tower D1, Liangmaqiao Diplomatic Office building, No. 19 Dongfangdonglu, Chaoyang District, Beijing 100600, P.R.China). I started to practice law in the year of 2005. I am a licensed lawyer in the People's Republic of China and my license number is 11101200610030639.

2. I graduated and received my Ph.D. in Law from Beijing Normal University.

3. Prior to joining Anjie Law Firm, I worked as a senior judge at Beijing High People's Court. My practice areas include IP Law, Un-fair Competition Law, and Dispute Resolutions. My resume is attached hereto for reference.

4. As stated below, I was requested by the Defendant Shenzhen ACE Battery Co., Ltd., ("ACE") to opine on certain legal issues relating to the relevant laws of the People's Republic of China ("Chinese Law") regarding the case *Inventus Power, Inc., ("Inventus") and ICC Electronics (Dongguan) Ltd., ("ICC") v. Shenzhen Ace Battery Co., Ltd.*, (#1:20-cv-03375) in front of the Northern District Court of Illinois.

5. In addition to the file that I reviewed previously [as in Dkt. 84-2, ¶5]; I have also reviewed the Court Order [Dkt. 102], Plaintiffs' Motion to Compel Forensic Inspection [Dkt. 103], Declaration of Jianwei Fang [Dkt. 103-2], and other relevant motions, declarations, exhibits and files.

6. I do not have any prior contacts with any parties in the case. Although I was retained by the Defendant, I fully understand my responsibility as an expert witness. I will only provide opinions in an impartial manner based on my knowledge and experience.

**QUESTIONS PRESENTED**

7. Three legal issues on Chinese Law were presented to me:

    I. Whether a foreign institution or an individual can, without permission from the competent authorities in China, conduct forensic examination within the territory of China, investigate and collect evidence for foreign legal proceedings?

    II. What are the proper procedures to obtain forensic evidence that are within the territory of China?

      III.      Whether a Chinese entity or an individual, as a party in foreign legal proceedings can, without the permission from the competent authorities in China, voluntarily provide evidence within the territory of China to foreign courts, authorities and other parties for use in foreign legal proceedings?

**BRIEF ANSWERS**

8    China is a civil law jurisdiction, the codified statues are the primary sources of law, supplemented by selected published cases.

9    Plaintiffs' Chinese Law expert, Mr. Fang, cited no legal authorities through most of his declaration and spoke solely based on his own "experience" and "view." Dkt. No. 81-3. Most of his "experience" and "view" are wrong under Chinese Law and are inconsistent with my practice.

10    Based on the relevant Chinese Statues and my practice, brief answers to the three legal questions are as follows:

      I.      Without the permission from the competent Chinese authorities, foreign institutions or individuals shall not conduct investigations and discovery, including forensic examination, within the territory of the People's Republic of China.

      II.      The requesting party to a foreign legal proceeding must seek judicial assistance from the competent China authority through the rules and channels set forth in <u>The Convention on the Taking of Evidence Abroad in Civil or Commercial Matters</u> ("the Hauge Evidence Convention").

      III.      Without the permission from the competent Chinese authorities, no Chinese entities or individuals shall provide evidence within the territory of China to foreign courts, authorities and other parties for use in foreign legal proceedings.

**DISCUSSION**

**I. ARTICLE 277 OF THE CIVIL PROCEDURE LAW OF P.R.C PROHIBITS DISCOVERY BY FOREIGN INSTITUTIONS AND INDIVIDUALS IN CHINA WITHOUT PROPER PERMISSIONS**

    **A.    The Language in Article 277 of the Civil Procedure Law of P.R.C. Is Clear**

11    Pursuant to Article 277, with the exception that "a foreign embassy or consulate to the People's Republic of China may serve process on and investigate and collect evidence from its citizens," foreign institutions and individuals shall conduct investigations and discovery in the Chinese

territories "through the channels prescribed in an international treaty concluded or acceded to by the People's Republic of China" or "diplomatic channels." [1]

12   Furthermore, "no foreign authority or individual shall, without permission from the competent authorities of the People's Republic of China, serve process or conduct investigation and collection of evidence within the territory of the People's Republic of China."[2]

13   Therefore, to obtain evidence for use in civil litigation in a United States Court, foreign institutions or individuals shall investigate and conduct discovery in China in accordance with the channels prescribed by international treaties concluded or acceded to by China. Without the permission of the competent authorities of the People's Republic of China, foreign institutions or individuals may not conduct investigations and conduct discovery in the territory of the People's Republic of China.

14   Both China and the U.S. are signatories to the Hague Evidence Convention. Therefore, request for judicial assistance under the Hague Evidence Convention is needed for conducting investigation and evidence collection in China.

B.   **The Legislative Intent of Article 277 of the Civil Procedure Law of P.R.C. Is Clear**

15   The language of Article 277 was included in the first edition of the Civil Procedure Law of P.R.C. in 1991 [art. 263] and has been in force since then. Although the Civil Procedure Law of P.R.C. has been amended several times, the language of Article 277 has not been changed.

---

[1] A true and correct copy of the Civil Procedure Law of the People's Republic of China (2017 Amendment) ("Civil Procedure Law of P.R.C.") in both English and Chinese is attached hereto as Exhibit 1.
   **Article 277** Judicial assistance shall be requested and provided through the channels prescribed in an international treaty concluded or acceded to by the People's Republic of China; or in the absence of such a treaty, shall be requested and provided through diplomatic channels.

   A foreign embassy or consulate to the People's Republic of China may serve process on and investigate and collect evidence from its citizens but shall not violate the laws of the People's Republic of China and shall not take compulsory measures.

   Except for the circumstances in the preceding paragraph, no foreign authority or individual shall, without permission from the competent authorities of the People's Republic of China, serve process or conduct investigation and collection of evidence within the territory of the People's Republic of China.

[2] *Id.*

16  China's legislature and judicial branch have made it clear that allowing investigations and collection of evidence in China by foreign institutions or individuals would compromise China's sovereignty and the independence and integrity of the Chinese judicial system. No foreign institutions or individuals may engage in such activities within the territory of China unless permitted by law.

17  The Legal Question Answer and Interpretation (legal interpretation provided by National People's Congress - the Chinese Legislative Branch) provided answers to "whether foreign institutions and individuals is permitted to serve legal documents, investigate and conduct discovery or conduct other lawsuit acts in the territories of our country"[3] It explicitly states that "serving legal documents, conducting investigation and discovery or conduct other acts of litigation are part of the trial activities within the jurisdiction of the People's Courts of China, which concerns the sovereignty of a country and the independence of the country's judicial system. Therefore, no foreign institutions or individuals can engage in these activities in the territories of China without legal permission." [4]

18  The Supreme People's Court also explicitly stated in the *Notice on Termination of the Agreement on Judicial Assistance between Local Courts and Foreign Courts of Justice* that "Judicial Assistance (including... Investigation and Evidence Collection) concerns the judicial sovereignty of the country. According to the relevant provisions of the *Law of the People's Republic of China on the Procedure of the Conclusion of Treaties*, the negotiation and conclusion of mutual legal assistance agreements with foreign countries can only be signed in the name of the State or Government, or by organs authorized by the State or Government, and must be submitted to the State Council for examination and approval, and submitted to the Standing Committee of the National People's Congress for approval."[5]

---

[3] *Whether foreign institutions and individuals is permitted to serve legal documents, investigate and conduct discovery or conduct other lawsuit acts in the territories of our country*, National People's Congress, (Dec. 16, 2000) http://www.npc.gov.cn/npc/c2277/200012/28afbb3c0e3349c096b069864eccdc64.shtml (source in Chinese).

[4] *Id*.

[5] A true and correct copy of the Notice on Termination of the Agreement on Judicial Assistance between Local Courts and Foreign Courts of Justice in both English and Chinese is attached hereto as Exhibit 2.

19  Under the Civil Procedure Law of P.R.C. and the Supreme People's Court's Interpretation of Civil Procedure Law of P.R.C., if one party cannot conduct discovery on its own for objective reasons, and has to investigate and conduct discovery from the other party or a third party, the requesting party should file an application for discovery to the court. Conducting discovery is within the court's judicial power. Even in domestic civil proceedings in China, such investigations and discovery must be carried out through the Chinese court system.[6]

20  Therefore, regardless whether the legal proceedings are domestic of foreign, the Chinese law is consistent in protecting China's sovereign interest and the independence and integrity of the Chinese judicial system by supervising investigation and discover within the territory of China.

---

[6] Exhibit 1, Civil Procedure Law of P.R.C.
> **Article 64** A party shall have the burden to provide evidence for its claims.
> A people's court shall investigate and collect evidence which a party and its litigation representative are unable to collect for some objective reasons and evidence which the people's court deems necessary for trying a case

*See also* A true and correct copy of the Supreme People's Court on the Application of the Civil Procedure Law of the People's Republic of China (2015) ("Interpretation of Civil Procedure Law of P.R.C.")  in both English and Chinese is attached hereto as Exhibit 3.
> **Article 94** The evidence which a party and its litigation representative are unable to collect for some objective reasonsas mentioned in paragraph 2, Article 64 of the Civil Procedure Law includes:
> (1) Evidence that is preserved by the relevant state authority and to which both the party and its litigation representative have no access for consulting and taking.
> (2) Evidence concerning state secrets, trade secrets or personal privacy.
> (3) Other evidence which the party and its litigation representative are unable to collect for some objective reasons.
> For evidence which a party and its litigation representative are unable to collect for some objective reasons, the party may apply in written to the people's court for investigation and collection before the expiry of the evidence-producing term.

> **Article 95** If the evidence which a party applies for investigation and collection is irrelevant or meaningless to the facts to be proven or is otherwise unnecessary to collect upon investigation, the people's court shall not approve.

> **Article 112** Where the documentary evidence is under the control of the opposite party, the party who bears the burden of proof may submit a written application requesting the people's court to order the opposite party to submit it before the expiry of the time limit for adducing evidence.

## II.  THE REQUESTING PARTY TO A FOREIGN LEGAL PROCEEDING MUST SEEK JUDICIAL ASSISTANCE FROM THE COMPETENT CHINA AUTHORITY THROUGH THE HAGUE EVIDENCE

21  In China, the Ministry of Justice is the designated Central Authority responsible for receiving and transferring requests for foreign judicial assistance.[7] The Judicial Assistance Exchange Center of the Ministry of Justice is the specific undertaking institution. The People's Court is the competent body specifically responsible for the execution of requests for foreign judicial assistance. The Supreme People's Court administers the work of international judicial assistance of People's Courts at all levels throughout the country.[8]

22  After receiving foreign applications for investigation and discovery, the Ministry of Justice of China shall conduct preliminary examination in accordance with the provisions of the Hague Evidence Convention and relevant provisions of domestic law.

23  The specific operation is as follows:
(1) The requesting party initiates a request to the Judicial Assistance Exchange Center of the Chinese Ministry of Justice in accordance with the provisions of the Convention or treaties.
(2) The Judicial Assistance Exchange Center of the Chinese Ministry of Justice then carries out a preliminary examination: if any problems are found, a letter of reply will be returned to the requesting party; if the requirements of the Convention or treaties are met, the requesting materials will be forwarded to the competent authorities of China, *i.e.* the courts.
(3) Requests for judicial assistance will then be executed by the courts of China. After the execution, the court will provide the result of the execution to the Judicial Assistance Exchange Center.
(4) The Judicial Assistance Exchange Center of the Ministry of Justice will produce official certificates describing the results of the requests and revert to the requesting party.[9]

---

[7] *See* China - Central Authority (Art. 2) and practical information - Central Authority(ies), HCCH (last updated on June 7, 2014), https://www.hcch.net/en/states/authorities/details3/?aid=490.

[8] A true and correct copy of the Provisions of the Supreme People's Court on Handling Requests for Judicial Assistance in Service of Judicial Documents, Investigation and Taking of Evidence in Civil and Commercial Cases in Accordance with International Conventions and Bilateral Treaties on Judicial Assistance in both English and Chinese is attached hereto as Exhibit 4.
> **Article 6** The Supreme People's Court shall manage in a unified manner the international judicial assistance work of the people's courts at all levels across China. A higher people's court shall determine a department managing in a unified manner the international judicial assistance work of the people's courts at all levels within its jurisdiction and designate a person in charge of the work. An intermediate people's court, a basic people's court, or a specialized court authorized to accept foreign-related cases shall designate a person managing the international judicial assistance work; and where conditions permit, may, at the same time, determine a department managing the international judicial assistance work.

[9] *Overview of Judicial Assistance in Civil and Commercial Matters*, Ministry of Justice of P.R.C., (Dec. 17, 2014) http://www.moj.gov.cn/organization/content/2014-12/17/jlzxxwdt_7237.html (source in Chinese).

### III. WITHOUT THE PERMISSION FROM THE COMPETENT CHINESE AUTHORITIES, NO CHINESE ENTITIES OR INDIVIDUALS SHALL PROVIDE EVIDENCE WITHIN THE TERRITORY OF CHINA TO FOREIGN COURTS, AUTHORITIES AND OTHER PARTIES

24  The aforementioned Civil Procedure Law of P.R.C. and the Hague Evidence Convention have in fact stipulated that parties in foreign legal proceedings must obtain evidence through the channels prescribed under the Hague Evidence Convention, which is the only legal way for the requesting parties to obtain evidence in China.

25  Any Chinese institutions, organizations and individuals voluntarily submitting evidence to foreign courts, foreign authorities or requesting parties will lead to avoidance of applying the Hague Evidence Convention, and consequently, circumventing from the Civil Procedure Law of P.R.C.

26  Regarding whether institutions, organizations and individuals within the territories of China can submit evidence and documents abroad at their own volition, Article 4 of the Chinese International Criminal Assistance Law has made it clear that judicial assistance is required in international criminal investigation, and "no institution, organization or individual within the territory of the People's Republic of China may provide evidentiary materials and assistance prescribed by this Law to foreign countries."[10] Article 4 is based on the protecting China's "sovereignty, security or public interest" and "principles of law of the People's Republic of China," which is consistent with protecting "sovereign interest" and "the independence and integrity of the Chinese judicial system" under the civil proceedings.

---

[10] A true and correct copy of the Law of the People's Republic of China on International Criminal Judicial Assistance ("Chinese International Criminal Assistance Law") in both English and Chinese is attached hereto as Exhibit 4.
    **Article 4** The People's Republic of China and foreign countries shall provide international criminal judicial assistance under the principles of equality and reciprocity.
International criminal judicial assistance shall not damage the sovereignty, security or public interest of the People's Republic of China, and shall not violate the basic principles of laws of the People's Republic of China.
No foreign institution, organization or individual may conduct criminal proceedings prescribed by this Law within the territory of the People's Republic of China without the approval of the competent authority of the People's Republic of China, and no institution, organization or individual within the territory of the People's Republic of China may provide evidentiary materials and assistance prescribed by this Law to foreign countries.

27  Although Article 4 of the Chinese International Criminal Assistance Law speaks for international criminal judicial assistance, the provision reiterates and further clarifies the of previous Chinese laws on judicial assistance (whether in civil or criminal cases), namely, judicial assistance should be carried out through multilateral or bilateral agreements between signatory countries; any private entities or individuals shall not provide or carry out judicial assistance.

28  Without permission, foreign institutions or individuals shall not engage in investigative or discovery within the territories of China. Institutions, organizations, and individuals within the territories in China shall not offer evidence without going through the proper channels of judicial assistance.

## CONCLUSION

29  In conclusion, in my opinion, the Chinese Law prohibits foreign institutions or individuals in foreign legal proceedings from conducting investigation and discovery within the territory of China without permissions from the competent Chinese authorities. Furthermore, without the permission from the competent Chinese authorities, no Chinese entities or individuals shall provide evidence within the territory of China to foreign courts, authorities, and other parties for use in foreign legal proceedings. Accordingly, a requesting party shall apply for judicial assistance through the channels prescribed under the Hauge Evidence Convention to obtain evidence in China.

---

I declare under penalty of perjury under the laws of the State of Illinois and related laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed by me on December 2, 2020 at Beijing, the People's Republic of China.

Date:  12/02/202                                    /s/  *Nick Qinghui Liu*