# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| INVENTUS POWER, INC., and ICC ELECTRONICS (DONGGUAN) LTD. | )<br>)<br>) |
| Plaintiffs, | ) Civil Action No.: 1:20-cv-03375<br>)<br>) Honorable Robert M. Dow, Jr. |
| v. | )<br>) Magistrate Judge Jeffrey Cummings |
| SHENZHEN ACE BATTERY CO., LTD., | ) |
| Defendant. | ) |

## PLAINTIFFS' REQUEST FOR STATUS CONFERENCE CONCERNING PRELIMINARY INJUNCTION DISCOVERY

Plaintiffs Inventus Power, Inc. and ICC Electronics (Dongguan) Ltd. (collectively, "Plaintiffs" or "Inventus") respectfully request that the Court set a status conference concerning the status of discovery in the currently pending preliminary injunction proceedings in this action. Specifically, as summarized below, Inventus requests an opportunity to discuss (1) Defendant Shenzhen Ace Battery Co., Ltd.'s ("Defendant" or "AcePower") continued failure to provide any discovery in this case despite recently announcing that it has massively expanded its position in the market for the misappropriated battery technologies at issue; and (2) the recent transfer to Your Honor of Inventus's discovery dispute with subpoena recipient CBAK Energy Technology, Inc. ("CBAK"), which is a U.S.-based affiliate of AcePower and which, like AcePower, is continuing to make sales in the U.S. of the products at issue while refusing to provide any discovery in response to Inventus's Fed. R. Civ. P. 45 subpoena.

Inventus greatly appreciates the Court's ongoing attention to this matter, and knows that the Court is currently reviewing Inventus's motions to compel and for sanctions. *See* Dkts. 86 (Motion to Compel Depositions), 103 (Motion to Compel Forensic Inspection), 111 (Motion for Sanctions re RFPs and Interrogatories). Inventus respectfully submits that a status conference could assist the Court in addressing those matters, and to help ensure that discovery in this case does not remain at a standstill while AcePower concurrently increases its market share while still in possession of Inventus's trade secrets. At the Court's preference as an alternative to a status conference, Inventus respectfully requests a hearing on the pending discovery and sanctions motions involving AcePower (i.e., Inventus's Motions, Dkts. 86, 103, 111), as well as AcePower's Motion re RFPs (Dkt. 105), and the motion to compel CBAK to provide discovery (in related Case No. 20-cv-7252, Dkt. 32-1 at Exhibit 1 (Inventus's Motion to Compel Document Production and

1

Deposition Testimony from Third Party CBAK Energy Technology, Inc.)), if that would be of assistance to the Court.

### Summary of Issues for Conference and/or Hearing

*First,* it has recently come to Inventus's attention that AcePower is massively expanding its global presence in the market for the commercial battery products at issue in this case. And yet meanwhile, AcePower continues to refuse to participate in discovery in this case in any way. Specifically, despite AcePower having already been found during the TRO proceedings to have likely misappropriated hundreds of thousands of highly-sensitive and critically-valuable technical documents and source code files reflecting decades of research and development, and even though the Court has issued multiple orders compelling AcePower to provide discovery, AcePower continues to refuse to produce a single document, make any electronic storage devices available for inspection, or produce a single witness—including those who have submitted declarations to this Court—for deposition. *See* Dkt. 117 at 10-13; Dkt. 100 at 8 (AcePower "is expected to move forward expeditiously to fully and non-evasively respond" to Inventus's discovery requests "without further objections apart from privilege objections, if any, by November 30, 2020. . . . Failure to comply with the terms of this Order without justification will result in the imposition of sanctions.").

And while AcePower refuses to participate in discovery or otherwise take responsibility for its egregious theft, it has come to Inventus's attention that AcePower simultaneously continues to press forward in its campaign to erode Inventus's market position. Indeed, AcePower recently reported an "annual performance increase of 70%" (Ex. 1)—a large amount of growth that is particularly troubling considering that (i) the Court found, last July, that AcePower had likely misappropriated Inventus's trade secrets (Dkt. 48 at 14, 22, 24) and (ii) to date, AcePower has not

provided any explanation for the thousands of technical materials its current senior engineers illegally downloaded and took from Inventus. Dkt. 48 at 20 ("Defendant offers no response to Plaintiffs' evidence showing that these employees also downloaded particular trade secret materials from ICC's servers shortly before their departures to work for Defendant"). AcePower further declares that it "has spread its products all over the country and has successfully developed international markets such as Japan, Southeast Asia, *North America* and Western Europe." Ex. 1. Indeed, AcePower has recently posted over a dozen job openings for engineers and sales personnel. Ex. 2. And yet, while enjoying this rapid expansion into Inventus's market, AcePower has concurrently refused to provide any discovery whatsoever that could (and Inventus believes would) reveal that AcePower is continuing to use Inventus's trade secrets despite this Court's TRO.

**Second**, Inventus respectfully requests an opportunity to discuss its motion to compel third-party CBAK to produce discovery in response to Inventus's Fed. R. Civ. P. 45 subpoena. *See* Case No. 20-cv-7252, Dkt. 32-1 at Exhibit 1 (Inventus's Motion to Compel Document Production and Deposition Testimony from Third Party CBAK Energy Technology, Inc.). CBAK is a third-party which Inventus believes is, at a minimum, involved in the sale of the AcePower products at issue in the instant case. Six months ago, on September 9, 2020, Inventus served CBAK with a Fed. R. Civ. P. 45 subpoena for documents and testimony in the District of Nevada, where CBAK is incorporated. The subpoena seeks, *inter alia*, information about CBAK's manufacturing, sale, and promotion of products related to AcePower's trade secret misappropriation. CBAK failed to respond and, after the deadline for responding had passed, CBAK informed Inventus by mail that it was not going to comply. To compel compliance, Inventus filed a related action in the District of Nevada, along with the Motion to Compel CBAK. Given the relationship between the subpoena

at issue and the pending AcePower action, the Motion to Compel CBAK was, through a series of transfers, transferred to Judge Dow by the Executive Committee on February 2, 2021 (Case No. 20-cv-7252, Dkt. 33), and referred to Your Honor on February 16, 2021 (Case No. 20-cv-7252, Dkt. 34). *See also* Dkt. 124.

From public information, CBAK appears to be AcePower's alter ego in the U.S. and, just like AcePower, refuses to provide any discovery whatsoever in this action. Specifically, AcePower's official website lists **CBAK's** contact information for AcePower's customer inquiries. And, despite being privately held, AcePower holds itself out to be "listed on the Nasdaq in 2006"—but it was **CBAK** that was listed on the Nasdaq in 2006. Dkt. 1-4. In terms of sales activities, AcePower and CBAK appear together at trade shows to jointly sell the battery products at issue in this case (including in this District). Dkt. 1-5 ("CBAK Power/Ace Battery will attend the Solar Power International [S]how 2019 . . . [in] Salt Lake City, UT" and "*we* are so glad to present new products in this show. Sincerely invite you to *our* booth."); *see also* Dkts. 1-1, 1-3, 1-4. These are not isolated incidences: AcePower and CBAK have publicly touted their joint promotional activities all over the United States, including their attendance together at numerous industry trade shows. And, despite the Court's TRO restraining AcePower from selling products using Inventus's trade secrets, a May 2020 LinkedIn advertisement posted by a CBAK employee continues to be available today, promoting the sale of a battery prominently marked with "Manufacturer: **Shenzhen Ace Battery Co., Ltd.**" (i.e., AcePower). *See* Ex. 3. What's more, "AcePower" joined YouTube just days ago, on February 22, 2021, and uploaded a four-minute video advertising battery products for sale and touting its purported innovation. *See* Ex. 4 (available at https://www.youtube.com/watch?v=01Ywhej5VA0). Although the YouTube account uses the AcePower logo, is listed under the username "Ace Battery," and includes a link

4

to http://www.acebattery.com/ in the "About" section, the entire video is an advertisement for battery products sold by the "BAK group," and the "About" section touts how the company was "Listed on the NASDAQ in 2006," which is true only of *CBAK*, not AcePower.  *See* Ex. 5 (available at https://www.youtube.com/channel/UCqumc3evTvtAcJQTrPsSomg/about).   These advertisements, and resulting sales, could constitute a violation of the TRO, and yet CBAK (and AcePower) continue along with impunity, while not providing any discovery into their acts.  That frustrates the essential purposes of the Defend Trade Secrets Act and Illinois Trade Secrets Act.

      As such, Inventus respectfully requests that the Court hold a status conference to address these issues.  It is Inventus's hope that a status conference may streamline the issues for the Court, and assist the Court in moving the case forward toward the Court-ordered preliminary injunction hearing.  At the Court's preference, and as an alternative, Inventus respectfully request a hearing on the pending discovery motions.  Dkts. 86, 103, 105, 111; Case No. 20-cv-7252, Dkt. 31-1 at Exhibit 1 (Motion to Compel CBAK).[1]

---

[1] To ensure that CBAK has notice of Inventus's request contained herein, Inventus will be concurrently filing a request for hearing on the CBAK subpoena in the related proceeding, Case No. 20-cv-7252.

DATED: March 9, 2021                                   Respectfully submitted,

/s/ Gianni Cutri

Gianni Cutri
Gianni.cutri@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Adam Alper (*admitted pro hac vice*)
adam.alper@kirkland.com
Natalie Flechsig (*admitted pro hac vice*)
natalie.flechsig@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael De Vries (*admitted pro hac vice*)
michael.devries@kirkland.com
Kevin Bendix (*admitted pro hac vice*)
kevin.bendix@kirkland.com
Yimeng Dou (*admitted pro hac vice* )
yimeng.dou@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Attorneys for Plaintiffs
*INVENTUS POWER, and ICC ELECTRONICS (DONGGUAN) LTD.*

## **CERTIFICATE OF SERVICE**

I, Gianni Cutri, an attorney, hereby certify that on March 9, 2021, I caused a true and correct copy of the foregoing document to be served via the Court's ECF system upon all counsel of record.

DATED: March 9, 2021

*/s/ Gianni Cutri*
Gianni Cutri