UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INVENTUS POWER, INC., and<br>ICC ELECTRONICS (DONGGUAN) LTD.,<br>    Plaintiff,<br><br>v.<br><br>SHENZHEN ACE BATTERY CO., LTD.,<br><br>    Defendants. | Case No.: 1:20-cv-03375<br><br>Judge: Honorable Robert M. Dow, Jr.<br><br>Magistrate Judge: Honorable Jeffrey Cummings |

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S
RULE 12(b)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

LEGAL STANDARDS ..........................................................................................................2

ARGUMENTS........................................................................................................................3

    A.    Plaintiffs Reliance on the "Effect Doctrine" to Establish Personal Jurisdiction Is Inconsistent with the Supreme Court's Decision in *Walden v. Fiore* and Should Be Rejected ................3

    B.    ACE's Forum-Related Activities Do Not Give Rise to Plaintiffs' Alleged Injury .....................3

        1.    2019 PROMAT trade show ................................................................3

        2.    ACE's English-language website ........................................................4

    C.    Material Facts about Plaintiffs' Allegation of ACE's Involvement in the Alleged Misappropriation Are in Dispute ............................................................5

        1.    Alleged unauthorized downloading at ACE's direction is in dispute ..................5

        2.    Alleged unauthorized downloading by Jun (Yancey) Yang is in dispute ............6

        3.    Alleged unauthorized downloading by Kui (Gerrard) Liu is in dispute ..............6

        4.    Alleged unauthorized downloading by Xinliang (Robert) Cao is in dispute ........7

        5.    Alleged unauthorized downloading/misappropriation by Gang (Lucken) Cai, Jingyang (Paul) Mai, Haihua (Alan) Liu, Jina (Conner) Guan, Guochao (Andy) Quan is in dispute ...7

CONCLUSION .......................................................................................................................8

**INTRODUCTION**

Shenzhen Ace Battery Co., Ltd. ("ACE" or "Defendant") submits this reply to Inventus Power, Inc. ("Inventus") and ICC Electronics Ltd.'s ("ICC") (together "Plaintiffs") opposition to ACE's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction.

To establish specific personal jurisdiction, a plaintiff's alleged injury must have arisen out of the defendant's forum-related activities. ACE's forum-related activities within the state of Illinois were limited to **1)** marketing its previously existing battery products in this District through in-person attendance at trade shows; and **2)** maintaining an English-language website to market its battery products to customers in the United States, including in this District. TRO, p. 10, Dkt. No. 48. Neither of ACE's forum-related activities is sufficient to establish specific personal jurisdiction.

Plaintiffs also alleged that ACE knowingly misappropriated "materials that originated from and are located at Inventus in this District." *Id*. Because material facts regarding Plaintiffs' allegation are in dispute, specific personal jurisdiction based on Plaintiffs' allegation can only be established if Plaintiffs can prove: **A)** the alleged unauthorized mass downloading by ICC's ex-employees did occur, and the downloading was at ACE's direction; or **B)** the alleged downloading by ICC's ex-employees did occur, and ACE's forum -related activities (in-person attendance of the trade shows and marketing and selling through ACE's website) are acts in furtherance of the alleged unauthorized downloading.

Material facts about specific personal jurisdiction based on Plaintiffs' allegation are in dispute. *First*, all eight ICC's ex-employees deny unauthorized mass downloading of Plaintiffs' trade secrets. *Second*, ACE denies that the unauthorized mass downloading, if any, was under ACE's direction. *Third*, because ACE never misappropriated any Plaintiffs' trade secrets, ACE's forum-related activities cannot give rise to Plaintiffs' alleged misappropriation.

Due to Plaintiffs' refusal to de-designate Plaintiffs' sealed declarations from attorneys' eyes only to confidential [Dkt. No. 54, p.2], ACE does not have access to Plaintiffs' specific allegations. Consequently,

1

Defendant disputes all material facts relating to personal jurisdiction to the best of its ability, combining responses to specific allegations with categorical denial.

## LEGAL STANDARDS

There are three "essential requirements" for the exercise of specific jurisdiction over an out-of-state defendant: "First, the defendant's contacts with the forum state must show that it "purposefully availed [itself] of the privilege of conducting business in the forum state or purposefully directed [its] activities at the state. Second, the plaintiff's alleged injury must have arisen out of the defendant's forum-related activities. And finally, any exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice." *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 398 (7th Cir. 2020) (quoting *Lexington Ins. Co. v. Hotai Ins. Co., Ltd.*, 938 F.3d 874, 878 (7th Cir. 2019)).

In addition, specific jurisdiction is case-specific, the claim must be linked to the activities or contacts with the forum. *Kipp v. Ski Enter. Corp. of Wis., Inc.*, 783 F.3d 695, 698 (7th Cir. 2015) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851(2011)).

If personal jurisdiction is challenged under Rule 12(b)(2), the court must decide whether any material facts are in dispute. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713, (7th Cir. 2002). If material facts about personal jurisdiction are in dispute, the court must hold an evidentiary hearing to resolve them, at which point the party asserting personal jurisdiction must prove what it alleged. *Id*., *see also Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 912 (7th Cir. 2015). In some circumstances, particularly when the court is required to assess credibility in order to resolve factual disputes, the court may be required to allow either cross-examination of witnesses or pre-hearing discovery if a party so requests. *Philos Techs*., 802 F.3d 905, 912 (citing *Boit v. Gar-Tec Prods., Inc.*, 967 F.2d 671, 676 (1st Cir. 1992)).

//
//
//

**ARGUMENTS**

**A. Plaintiffs Reliance on the "Effect Doctrine" to Establish Personal Jurisdiction Is Inconsistent with the Supreme Court's Decision in *Walden v. Fiore* [1] and Should Be Rejected**

Citing *Riddell, Inc. v. Monica*,[2] Plaintiffs alleged that personal jurisdiction exists over ACE under the "effect doctrine." Dkt. No. 126, pp. 14-15. This analysis is flawed and should be rejected.

Consistent with the TRO [Dkt. No. 48, p. 28], the "effect doctrine" (even in *Riddell*) is relevant to the "purposeful availment inquiry", not to establish personal jurisdiction entirely.

"The Supreme Court in *Walden* 'rejected' the theory that personal jurisdiction can be based on intentional acts taken outside a forum state which the defendant knows will cause effects inside the forum state." *Gold Medal Prod. Co. v. Bell Flavors & Fragrances, Inc.*, 2017 WL 1365798, 2017 U.S. Dist. LEXIS 57640, at *17-18 (S.D. Ohio Apr. 14, 2017) (citation omitted).[3] In *Walden*, the Supreme Court emphasizes that jurisdiction over a defendant must be based on the contacts that "defendant [it]self" creates with the forum states. *Walden*, 134 S. Ct. at 1122. The Supreme Court has consistently "rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Id*. at 1123.

Therefore, this Courts' personal jurisdiction over ACE should be based on ACE's forum-related activities, and the "effect doctrine" does not establish personal jurisdiction over ACE.

**B. ACE's Forum-Related Activities Do Not Give Rise to Plaintiffs' Alleged Injury**

1. <u>2019 PROMAT trade show</u>

Supported by Mr. Zhao's affidavit [Ex. A, ¶7], ACE categorically denies Plaintiffs' allegation that ACE acquired or disclosed any of Plaintiffs' trade secret. ACE categorically denies Plaintiffs'

---

[1] *Walden v. Fiore*, 134 S. Ct. 1115 (2014).
[2] *Riddell, Inc. v. Monica*, 2003 WL 21799935, 2003 U.S. Dist. LEXIS 13053, at *7 (N.D. Ill. Jul. 23, 2003),
[3] The decision in *Gold Medal Prod. Co. v. Bell Flavors & Fragrances*, Inc., 2017 U.S. Dist. LEXIS 57640, 2017 WL 1365798, at *10 (S.D. Ohio Apr. 14, 2017) was recognized by this District Court in *Gold Medal Prods. Co. v. Bell Flavors & Fragrances Inc.*, 2018 WL 1135629, 2018 U.S. Dist. LEXIS 35711, at *2 (N.D. Ill. Mar. 2, 2018).

allegation that ACE, sold, displayed, referenced, promoted or marketed any products that utilized any of Plaintiffs' trade secrets at the 2019 PROMAT trade show.

As admitted by Plaintiffs [Dkt. No. 126, pp. 14-15], ACE's attendance at the 2019 PROMAT trade show (April 2019) occurred prior to the earliest alleged mass downloading (August 2019, Dkt. NO. 1, ¶36). Under 18 U.S.C.§1839, "misappropriation" requires either "acquisition" or "disclosure" of a trade secret. ACE could not have acquired or disclosed Plaintiffs' trade secrets at the 2019 PROMAT trade show because the alleged mass downloading was later in time. Logically, an event that occurred earlier in time cannot be an act in furtherance of an alleged offense that was committed later in time.

In the absence of any counterevidence, ACE's attendance at the 2019 PROMAT trade show in Chicago cannot give rise to Plaintiffs' alleged trade secret misappropriation.

2. ACE's English-language website

Supported by Mr. Zhao's affidavit [Ex. A, ¶8], ACE categorically denies Plaintiffs' allegation that ACE acquired or disclosed any Plaintiffs' trade secrets. ACE categorically denies Plaintiffs' allegation that ACE, sold, displayed, referenced, promoted or marketed any products containing Plaintiff's trade secret to the United States through ACE's English-language website.

The Seventh Circuit has held that "having an 'interactive website' should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible." *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014). However, evidence of extensive sales through an interactive website may suffice to show that a defendant has targeted the jurisdiction. *Curry*, 949 F.3d at 400.

Plaintiffs relied on *Virgin Enterprises Ltd. v. Jai Mundi, Inc.*[4] [Dkt. No. 126, n.3] in an attempt to establish personal jurisdiction over ACE. However, the facts in the present case are distinguishable from *Virgin*. In *Virgin*, the defendant JMI "maintains **an online store** where customers can purchase cigarettes and related products." *Id*. Furthermore, JMI has sold large volume of products to the state of

---

[4] *Virgin Enterprises Ltd. v. Jai Mundi, Inc.*, 2014 WL 3605541, at *4 (N.D. Ill. July 18, 2014)

4

Illinois through its interactive website. *Id*. Therefore, the *Virgin* court found that JMI's website expressly targeted Illinois customers through its online store.

Here, ACE's English-language website is accessible throughout the world and does not expressly target the state of Illinois or Illinois customers. The website does not function as an on-line store and is not even highly interactive. Furthermore, no sales have been made to the state of Illinois through ACE's English-language website. In fact, ACE has never sold its products to Illinois. Ex. A, ¶9.

Therefore, ACE's English-language website does not establish sufficient contact to support the exercise of personal jurisdiction.

### C. Material Facts about Plaintiffs' Allegation of ACE's Involvement in the Alleged Misappropriation Are in Dispute

Plaintiffs further alleged that the unauthorized mass downloading by ICC's ex-employees (ACE's current employees) was at ACE's direction [Dkt. No. 1, ¶¶4, 36-37, 42, 52, 64] in an attempt to establishes the Court's personal jurisdiction over ACE. Material facts surrounding Plaintiffs' allegation are in dispute. At minimum, an evidentiary hearing is warranted to resolve the disputed material facts before specific personal jurisdiction can be established based on Plaintiffs' allegation.

1. <u>Alleged unauthorized downloading at ACE's direction is in dispute</u>

Plaintiffs alleged that there is "unrebutted evidence" showing that the alleged unauthorized downloading was at ACE's direction. Dkt. No. 126, p. 9 (citing *Sealed Declaration of Zack Lau*, Dkt. No. 11).

It is unclear to ACE how Zack Lau, Plaintiffs' forensic examiner, could link the alleged unauthorized downloading to "ACE's discretion." However, any allegation and/or circumstantial inferences that may have been provided by Zack Lau in his sealed affidavit [Dkt. No. 11] or by anyone else is disputed by ACE.

Supported by Mr. Zhao's affidavit [Ex. A, ¶4], ACE categorically denies any allegation and/or circumstantial inferences that any alleged unauthorized downloading was at ACE's direction. The fact that

5

ACE requires "all new employees to sign an agreement before the employment, agreeing not to use any confidential information or trade secret of others during their employment with ACE" [No. 32-1, ¶ 7] supports ACE's position that "ACE has never directed any current or former employees to misappropriate trade secrets from either ICC or Inventus." *Id*.

    2.   <u>Alleged unauthorized downloading by Jun (Yancey) Yang is in dispute</u>

Yang claimed that all of his downloading activity was part of his job of regularly backing Plaintiffs servers. Dkt. No. 38-2, ¶3-9. However, Yang's former manager at ICC, Ewin Li, provided a declaration denying that he ever gave Yang specific instructions regarding how to conduct backups or received USB thumb drives from Yang. Dkt. No. 48, p. 21 (Citing *Sealed Declaration of Ewin Li*, Dkt. No. 42).

Yang disputed that "Li's declaration is not true." Ex. B, ¶3. Logically, Yang would not have asked Ewin Li, an employee at ICC, to testify on Yang's behalf if Yang did not believe that he was telling the truth. Dkt. No. 38-2, ¶10.

Therefore, material facts concerning unauthorized downloading by Yang is in dispute.

    3.   <u>Alleged unauthorized downloading by Kui (Gerrard) Liu is in dispute</u>

Plaintiffs alleged Mr. Gerrard Liu downloaded Plaintiffs' trade secrets on October 7, 8, 9, and 10. Dkt. No. 40, p. 2.

From the records available to ACE, Plaintiffs did not dispute that Mr. Gerrard Liu took a whole day off on October 9, 2019. Dkt. No. 38-3, ¶7. Plaintiffs also did not dispute that Mr. Gerrard Liu did not attend the office on October 9, 2019 and had no access to his work computer. *Id*.

Plaintiffs failed to explain why Plaintiffs' forensic record showed that Mr. Gerrard Liu downloaded multiple files on October 9, 2019. In the absence of any counterevidence, Plaintiffs' forensic record of Mr. Gerrard Liu downloading files on October 9, 2019 must be falsified. Ex. C, ¶6.

Furthermore, Mr. Gerrard Liu in his affidavit declares that he never downloaded any of Plaintiffs' trade secrets, and all of Plaintiffs' forensic record showing Mr. Gerrard Liu downloaded files on October 7, 8, 9, and 10 must also be falsified. Ex. C, ¶7.

4. <u>Alleged unauthorized downloading by Xinliang (Robert) Cao is in dispute</u>

Plaintiffs initially alleged Cao "downloaded hundreds of documents" prior to his departure from ICC. Dkt. No. 1, ¶37. Plaintiffs later changed that Cao "accessed 'hundreds of folders'" prior to his departure from ICC. Dkt. No. 34. p. 3. It is unclear whether Plaintiffs continuous to allege that Cao downloaded any of Plaintiffs' trade secrets.

Plaintiffs further alleges that Cao used Plaintiffs' trade secrets to apply for three Chinese Patents: CN210467927U, CN210272576U and CN210272484U. According to Plaintiffs, Plaintiffs' "confidential technology" has been disclosed in the three Chinese Patents. Therefore, Plaintiffs should be able to pinpoint the specific claims in the Chinese Patents and provide evidence to prove the technology in the Chinese Patents are in fact developed by Plaintiffs.

Cao in his affidavit declares that he never misappropriated any of Plaintiffs' trade secrets. Ex. D, ¶3. He further denies any personal involvement in developing the three Chinese Patents. *Id*. ¶4.

Therefore, material facts as to unauthorized downloading by Cao is in dispute.

5. <u>Alleged unauthorized downloading/misappropriation by Gang (Lucken) Cai, Jingyang (Paul) Mai, Haihua (Alan) Liu, Jina (Conner) Guan, Guochao (Andy) Quan is in dispute</u>

From the records available to ACE, Plaintiffs did not make specific allegations against Gang (Lucken) Cai, Jingyang (Paul) Mai, Haihua (Alan) Liu, Jina (Conner) Guan, Guochao (Andy) Quan.[5]

Gang (Lucken) Cai, Jingyang (Paul) Mai, Haihua (Alan) Liu, Jina (Conner) Guan, and Guochao (Andy) Quan all declare that they did not misappropriated Plaintiffs' trade secrets. Ex. E, F, G, H.

In the absence of any counterevidence, Plaintiffs unsubstantiated allegation against Jingyang (Paul) Mai, Haihua (Alan) Liu, Jina (Conner) Guan should not be supported.

Accordingly, at minimum, an evidentiary hearing is warranted to resolve disputes as to the alleged material facts put forth to support personal jurisdiction.

---

[5] Plaintiffs forensic examiner Zack Lau "with inventus' assistance" obtained computers, including computers of Cai and Quan, and forensically imaged the hard drives. TRO, Dkt. No. 48, p. 4 (citing Sealed Declaration of Zack Lau, Dkt. No. 11). However, no specific allegation was made against Cai and Quan.

**CONCLUSION**

For the foregoing reasons, ACE respectfully requests that this Honorable Court dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Alternatively, ACE respectfully requests that this Honorable Court hold an evidentiary hearing to resolve disputes as to the alleged material facts put forth to support personal jurisdiction.

Respectfully Submitted:

Date: 03/09/2021

/s/ He Cheng
He Cheng
Robin.Cheng@glacier.law
Glacier Law PLLC
745 Fifth Avenue, Suite 500
New York, NY 10151
Tel: +1 (332) 208-8882

Tao Liu
Tao.Liu@glacier.law
Glacier Law PLLC
745 Fifth Avenue, Suite 500
New York, NY 10151
Tel: +1 (332) 208-8882

Andrew Palmer
Andrew.Palmer@glacier.law
Glacier Law PLLC
200 East Randolph, Suite 5100
Chicago, IL 60601
Tel: +1 (312) 448-7772

***Attorneys for Defendant***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this March 09, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, along with the attached Exhibits, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Date: 03/09/2021            /s/ He Cheng
                                                                     He Cheng