# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| INVENTUS POWER, INC., and<br>ICC ELECTRONICS (DONGGUAN) LTD.,<br>　　　　　　　Plaintiff,<br><br>v.<br><br>SHENZHEN ACE BATTERY CO., LTD.,<br><br>　　　　　　　Defendants. | Case No.: 1:20-cv-03375<br><br>Judge: Honorable Robert M. Dow, Jr.<br><br>Magistrate Judge: Honorable Jeffrey Cummings |

**DEFENDANT'S MOTION FOR LEAVE TO PRODUCE DOCUMENTS TO PLAINTIFFS COUNSEL'S SHANGHAI OFFICE, OR ALTERNATIVELY, A MOTION FOR LEAVE TO FILE A RENEWED REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**

**INTRODUCTION**

Shenzhen Ace Battery Co., Ltd. ("ACE" or "Defendant") respectfully submits this motion for leave to produce documents to Plaintiffs' Counsel Kirkland & Ellis LLP's Shanghai office, or alternatively, a motion for leave to file a renewed request for international judicial assistance in response to the Court discovery order issued on September 30, 2021 [Dkt. No. 180].

While ACE duly complied with the Court Order and supplemented its responses to Plaintiffs' interrogatories on October 22, 2021, it will face severe penalties from the Chinese government in transmitting its production for transmitting documents that contains Personal Information.

Two Chinese laws have been recently implemented to oversee and protect data security and personal information — Data Security Law of People's Republic of China ("Data Security Law") and Personal Information Protection Law of People's Republic of China ("Personal Information Protection Law").[1] Both laws restrict cross-border data transfer and cross-border personal information transfer. Both law carry severe penalties (fine up to 50 millions and imprisonment up to seven years).

In light of the newly implemented Chinese Laws and the severe penalties, ACE respectfully request this Court allow ACE to produce discovery documents, that contains personal information, to Plaintiffs' Counsel - Kirkland & Ellis LLP's Shanghai office or other Plaintiffs' China based counsel.

**ARGUMENTS**

**A. The Newly Implemented Data Security Law of China**

On June 10, 2021, China's national legislature – the Standing Committee of the National People's Congress passed the Data Security Law, which took effect on September 1, 2021.

The Data Security Law broadly defines "data" as "any record of information in electronic or any other form." Ex. 1, art 3; and Decl. of Wang, p.8, §II.5. The Data Security Law also carries

---

[1] A true and correct Chinese and English copy of the Data Security Law of People's Republic of China is attached here to as Exhibit 1.
A true and correct Chinese and English copy of the Personal Information Protection Law of People's Republic of China is attached here to as Exhibit 2.

1

extraterritorial reach, which "will likely hinge on treaties and reciprocity agreements between China and other countries."[2]

Specifically, in regard to international litigation and legal proceedings, the Data Security Law prescribes that without approval from the competent Chinese authorities (Cyberspace Administration of China), no domestic entities or individuals may transfer data stored within China to any foreign judicial or enforcement authorities. All data transfer to a foreign judicial or law enforcement authority shall be processed "in accordance with relevant laws and international treaties and agreements entered into or acceded to by the People's Republic of China, or under the principle of equality and reciprocity."[3]

Entities that violate their obligations under the Data Security Law face severe penalties. Entities that violate Data Security Law face fines of up to 5 million yuan (~$777,000 USD), with additional fines for responsible individuals up to 500,000 yuan (~$77,000 USD), and potential suspension of the business and revocation of its business license.[4]

### B. The Newly Implemented Personal Information Protection Law of China

On August 20, 2021, the Standing Committee of China's National People's Congress passed the Personal Information Protection Law, which took effect on November 1, 2021. The Personal

---

[2] Xiang Wang, et al., *China's New Data Security Law: What International Companies Need to Know* (Sept. 23, 2021), https://www.orrick.com/en/Insights/2021/09/Chinas-New-Data-Security-Law-What-International-Companies-Need-to-Know.

[3] *See* Ex. 1, Article 36 "The competent authority of the People's Republic of China shall process a request for data from a foreign judicial or law enforcement authority in accordance with relevant laws and international treaties and agreements entered into or acceded to by the People's Republic of China, or under the principle of equality and reciprocity. Without the approval of the competent authority of the People's Republic of China, a domestic organization or individual shall not provide data stored in the territory of the People's Republic of China to any foreign judicial or law enforcement authority."

[4] *See* Ex. 1, Article 48 "Where a foreign judicial or law enforcement authority is provided with data without the approval of the competent authority in violation of Article 36 of this Law, the appropriate department shall issue a warning to the violator, and may impose a fine of not less than 100,000 yuan nor more than 1 million yuan on the violator and a fine of not less than 10,000 yuan nor more than 100,000 yuan on any directly liable person in charge or other directly liable person; or if there is any serious consequence, shall impose a fine of not less than 1 million yuan *nor more than 5 million yuan on the violator*, and may order suspension of the related business, suspension of business for overhaul, revocation of the related business permit, or revocation of business license, and impose a fine of not less than 50,000 yuan nor more than 500,000 yuan on any directly liable person in charge or other directly liable person."

Information Protection Law applies to cross-border transmission of personal information and applies extraterritorially.[5]

Specifically, in regard to international litigation and legal proceedings, the competent Chinese authorities will process requests from foreign judicial or enforcement agencies for personal information stored within China "in accordance with applicable laws and international treaties and agreements concluded or acceded to by the People's Republic of China, or under the principle of equality and reciprocity."[6] No personal information processor shall transmit personal information to any overseas recipient without prior approval. *Id*.

Violating the Personal Information Protection Law is publishable by fines of up to 50 million yuan (~$7,777,000 USD), with additional fines for responsible individuals.[7] Furthermore, transmitting personal information without proper authorization carries criminal penalties. Under Article 253 (I) of

---

[5] Connell O'Neill, et al., China Passes the Personal Information Protection Law, to Take Effect on November 1 (Sept. 10, 2021) https://www.gibsondunn.com/china-passes-the-personal-information-protection-law-to-take-effect-on-november-1/.

[6] *See* Ex. 2, Article 41 "The competent authority of the People's Republic of China shall process a request for personal information stored within the territory of the People's Republic of China from a foreign judicial or law enforcement authority in accordance with applicable laws and international treaties and agreements concluded or acceded to by the People's Republic of China, or under the principle of equality and reciprocity. Without the approval of the competent authority of the People's Republic of China, *a personal information processor* shall not provide personal information stored within the territory of the People's Republic of China to any foreign judicial or law enforcement authority."

[7] *See* Ex. 2, Article 66 "Where a personal information processor processes personal information in violation of this Law or fails to fulfill the personal information protection obligations as provided in this Law in processing personal information, the authority performing personal information protection functions shall order the personal information processor to take corrective action, give it or him a warning, and confiscate its or his illegal income; and with respect to an application program processing personal information in violation of law, shall order the suspension or termination of provision of services by such application program. If the personal information processor refuses to take corrective action, it or he shall be fined not more than one million yuan; and any directly liable person in charge or other directly liable person shall be fined not less than 10,000 yuan nor more than 100,000 yuan.

Where a personal information processor commits any illegal act as specified in the preceding paragraph with serious circumstances, the authority performing personal information protection functions at or above the provincial level shall order it or him to take corrective action, confiscate its or his illegal income, and impose a fine of *not more than 50 million yuan* or not more than 5% of it or his turnover in the previous year, and may order the suspension of relevant business or suspension of business for an overhaul, and notify the relevant competent department to revoke the relevant business permit or business license; and impose a fine of not less than 100,000 yuan nor more than one million yuan on any directly liable person in charge or other directly liable person, and may decide to prohibit them from serving as directors, supervisors, senior executives or persons in charge of personal information protection of related enterprises during a certain period of time."

3

Criminal Law of the People's Republic of China, violating Personal Information Protection Law can be punished by imprisonment up to seven years.[8]

### C. Production to Plaintiffs' Counsel Kirkland & Ellis LLP's Shanghai Office

Because Plaintiffs' Request for Production #4 requests "[a]ll Documents and Communications relating to the Ace Employees' hiring by, employment with, and firing from Ace, including but not limited to employee files, executed agreements, draft agreements, investigation files, and any oral Communications or agreements referring or relating to the Ace Employees and/or between you and the Ace Employees."

ACE's documents production contains personal information of individual employees, and "should adhere strictly to the provisions of the Personal Information Protection Law, Data Security Law, and other relevant laws, that is, the employee's personal consent must be obtained before applying for approval with the national cyberspace administration [Cyberspace Administration of China]. Once the approval is obtained, we recommend you to carefully proceed and make the disclosure under the guidance and approval of the national cyberspace administration." *See* Decl. of Wang, p. 2, §II, p. 9, § IV.

To avoid any further delay and the complication of obtaining approval from the Cyberspace Administration of China, ACE proposes to produce discovery documents to Plaintiffs' Counsel — Kirkland & Ellis LLP's Shanghai Office or other Plaintiffs' China based counsel. Therefore, ACE can properly comply with the local law while relevant documents can be timely reviewed by Plaintiffs' Counsel.

---

[8] *See* Ex. 3, Article 253 (I) "Whoever sells or provides any citizen's personal information in violation of the relevant provisions of the state shall, if the circumstances are serious, be sentenced to imprisonment of not more than three years or criminal detention in addition to a fine or be sentenced to a fine only; or be sentenced to imprisonment of <u>not less than three years but not more than seven years in addition to a fine</u> if the circumstances are especially serious."; *see also* Ex. 4, Article 3 "whoever provides any citizen's personal information to a specific person or issues any citizen's personal information through an information network or any other channel shall be determined as "providing citizens' personal information" as prescribed in Article 253(I) of the Criminal Law."

ACE has attempted to deliver its hardcopy production of documents to Kirkland & Ellis LLP's Shanghai Office on November 5, 2021, but the delivery was rejected. Upon this Court's approval, ACE will immediately deliver its hardcopy production of documents as well as .tiff files to Kirkland & Ellis LLP's Shanghai Office or other Plaintiffs' China based counsel.

## **CONCLUSION**

For the foregoing reasons, ACE respectfully requests that this Honorable Court allow ACE to produce discovery documents to Plaintiffs' Counsel Kirkland & Ellis LLP's Shanghai office, or alternatively, a motion for leave to file a renewed request for international judicial assistance.

Respectfully Submitted:

Date: 11/15/2021

/s/ He Cheng
He Cheng
Robin.Cheng@glacier.law
Tao Liu
Tao.Liu@glacier.law
Tianyu Ju
Iris.Ju@glacier.law
Na Zhang
Queena.Zhang@glacier.law
Glacier Law PLLC
200 Park Avenue, Suite 1703
New York, NY 10166
Tel: +1 (332) 208-8882
***Attorneys for Defendant***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this November 15, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, along with the attached Exhibits, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Date: 11/15/2021

/s/ He Cheng
He Cheng