**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

INVENTUS POWER, INC., and ICC ) 
ELECTRONICS (DONGGUAN) LTD. )
                                    )    Civil Action No.: 1:20-cv-03375
        Plaintiffs, )
                                      )    Honorable Robert M. Dow, Jr.
      v. )
                                        )    Magistrate Judge Jeffrey Cummings
SHENZHEN ACE BATTERY CO., LTD., )
                                      )
        Defendant. )
                                      )
                                      )
                                      )
                                      )
                                      )

<u>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO FIND DEFENDANT
IN CONTEMPT OF THE COURT'S DISCOVERY RULINGS**</u>

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................................. 1

II.    BACKGROUND ................................................................................................. 2

      A.    AcePower Refused to Comply with Judge Dow's Expedited Discovery Order and Judge Cummings's Order Granting Inventus's Motion to Compel .................................................................................................... 2

      B.    This Court Ordered Discovery Under The Federal Rules ...................... 3

      C.    AcePower Failed To Comply With The Court's October 22 Deadline And Now Refuses to Comply with the Court's Order Compelling Discovery Under the Federal Rules .................................................................... 5

III.   LEGAL STANDARD .......................................................................................... 7

IV.   ARGUMENT ....................................................................................................... 8

      A.    AcePower Violated the Court's Order by Failing to Produce Any Documents Responsive to Inventus's Requests for Production ............ 8

      B.    AcePower Violated the Court's Order with Respect to Interrogatory Responses ......................................................................................... 11

      C.    AcePower's Failure to Abide by the Court's Orders Necessitates Imposition of Sanctions .................................................................... 12

V.     CONCLUSION ................................................................................................. 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ari Officer v. Duran*,
  No. 12 C 10195, 2014 WL 51330 (N.D. Ill. Jan. 2, 2014) ........................................................7

*Burns v. Imagine Films Ent., Inc.*,
  198 F.R.D. 593 (W.D.N.Y. 2000)..............................................................................................8

*Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*
  90 F.3d 1264 (7th Cir. 1996) ...................................................................................................11

*Dickson v. Chicago Allied Warehouses, Inc.*,
  No. 90 C 6161, 1993 WL 362450 (N.D. Ill. Sept. 15, 1993).....................................................8

*Drive Time Auto., Inc. v. Deguzman*,
  No. 2:14-CV-00782-RFB, 2015 WL 1288152 (D. Nev. Mar. 19, 2015) ...............................14

*E.E.O.C. v. Sears, Roebuck &Co.*, 114 F.R.D. 615 (N.D. Ill. 1987),
  *reconsideration granted in part on other grounds*, 138 F.R.D. 523 (N.D. Ill.
  1991) ..........................................................................................................................................8

*Fautek v. Montgomery Ward & Co.*,
  96 F.R.D. 141 (N.D. Ill. 1982)..................................................................................................8

*Goplin v. WeConnect, Inc.*,
  893 F.3d 488 (7th Cir. 2018) ...................................................................................................11

*Klein-Becker USA, LLC v. Englert*,
  711 F.3d 1153 (10th Cir. 2013) ...............................................................................................13

*Life After Hate, Inc. v. Free Radicals Project, Inc.*,
  No. 18 C 6967, 2020 WL 5848429 (N.D. Ill. Oct. 1, 2020)....................................................13

*Lightspeed Media Corp. v. Smith*,
  830 F.3d 500 (7th Cir. 2016) ...................................................................................................15

*Moro v. Shell Oil Co.*,
  91 F.3d 872 (7th Cir. 1996) .....................................................................................................11

*Oklahoma Federated Gold & Numismatics, Inc. v. Blodgett*,
  24 F.3d 136 (10th Cir. 1994) ...................................................................................................14

*Olivet Baptist Church v. Church Mut. Ins. Co.*,
   No. 13 C 1625, 2015 WL 765715 (N.D. Ill. Jan. 7, 2015),
   *report and recommendation adopted*, No. 13 C 1625, 2015 WL 764051 (N.D.
   Ill. Feb. 23, 2015)...................................................................................................10, 11

*Ropak Corp. v. Plastican, Inc.*,
   No. 04 C 5422, 2006 WL 2385297 (N.D. Ill. Aug. 15, 2006).................................13

*S.E.C. v. Brewer*,
   No. 10 C 6932, 2011 WL 3584800 (N.D. Ill. Aug. 15, 2011) ................................14

*SmithKline Beecham Corp. v. Apotex Corp.*,
   No. 98 C 3952, 2000 WL 1310669 (N.D. Ill. Sept. 13, 2000)................................11

*Solvay Specialty Polymers USA, LLC v. Zhenguo (Leo) Liu*,
   331 F.R.D. 187 (N.D. Ga. 2019).............................................................................7

*This, LLC v. Jaccard Corp.*,
   No. 3:15-CV-1606(JBA), 2017 WL 547902 (D. Conn. Feb. 9, 2017) ...................13

*Tobias v. Davidson Plywood*,
   241 F.R.D. 590 (E.D. Tex. 2007).............................................................................14

*VYSE Gelatin Co. v. Hicks*,
   No. 17-CV-2937, 2019 WL 13084200 (N.D. Ill. June 3, 2019)....................9, 10, 11

*Wanderer v. Johnston*,
   910 F.2d 652 (9th Cir. 1990) ...................................................................................14

*Williams v. Thompson*,
   No. 94 C 5669, 1996 WL 124446 (N.D. Ill. Mar. 19, 1996) .................................13

*Zenith Elecs. Corp. v. WH-TV Broad. Corp.*,
   395 F.3d 416 (7th Cir. 2005) ...................................................................................13

**Statutes**

28 U.S.C. § 1927...........................................................................................................15

28 U.S.C. § 2254...........................................................................................................11

**Rules**

Fed. R. Civ. P. 16..........................................................................................................15

Fed. R. Civ. P. 37.......................................................................................................7, 8

## I.    INTRODUCTION

Defendant Shenzhen Ace Battery Co., Ltd. ("AcePower") has shown a nearly complete disregard for the discovery orders issued by this Court dating back to mid-2020.  It still has failed to produce a ***single document*** to Inventus nearly a year-and-a-half after expedited discovery was ordered (beyond those documents it voluntarily attached as exhibits to support its own positions in the case), and continues to raise already-rejected objections based on Chinese law as an excuse for not fully responding to interrogatories that this Court found directly relate to the jurisdictional discovery ordered by this Court.  It is now clear that AcePower made a strategic decision to disobey orders from this Court and to improperly withhold essentially all discovery in order to achieve its overall goal of continuing to use Inventus's stolen trade secrets to benefit its business for as long as possible while frustrating Inventus's efforts over more than a year to progress this case, which as a result, is causing Inventus to continue suffering significant competitive harm.  Defendant's disregard for this Court's orders and authority should not be condoned.

AcePower's most recent violation of this Court's orders concerns this Court's September 30, 2021 order requiring AcePower to "supplement its interrogatories and fully respond to the requests for production . . . by October 22, 2021."  Dkt. 180 ("Order") at 34.  But more than three weeks after that deadline, AcePower still has failed to provide a proper response to each of those interrogatories and perhaps more egregiously still has not produced documents to Inventus's counsel as required by the Court's orders, again citing Chinese laws as a basis for its violation. Dkt. 182; Dkt. 180 at 25 (rejecting AcePower's argument that it may be penalized or prosecuted for producing documents for a U.S. litigation).  The Court already expressly dispatched with these types of arguments, concluding that discovery would be governed by the Federal Rules and not the Hague Convention because "Ace has failed to satisfy its burden to . . . support the application of the Hague Convention procedures here."  Dkt. 180 at 25; *see also id*. at 16-29.  Moreover,

1

AcePower did not ask the Court's permission to violate its orders, but simply made a unilateral decision to do so. Then, knowing that this motion was coming, AcePower filed another motion (Dkt. 182) raising arguments that cannot stand in view of this Court's rulings and requesting permission after the fact to not produce the documents in the United States as required. It is long past time for AcePower to comply with this Court's orders, and its continued failure to do so warrants a finding that AcePower is in contempt of the Court's orders. This Court already warned that AcePower's continued refusal to comply with discovery orders "will result in the imposition of sanctions," Dkt. 100 at 8, but to no avail as shown by AcePower's continued non-compliance.

Accordingly, to address AcePower's ongoing failure to comply with this Court's discovery orders, Inventus moves for an order (1) finding AcePower in contempt, (2) striking AcePower's denials that it committed trade secret misappropriation, its affirmative defenses, and its objection to this Court's jurisdiction, (3) requiring AcePower to produce the ordered documents and to fully respond to the interrogatories required by the Court in Dkts. 179 and 180 within five days of the Court's order on the instant motion, (4) imposing any additional sanctions the Court deems proper if AcePower fails to fully comply with Dkts. 179 and 180 by the Court's new deadline or files a motion to compel prior to complying, and (5) barring AcePower from seeking additional discovery from Inventus unless or until AcePower complies with its Court-ordered discovery obligations.

## II.    BACKGROUND

### A.    AcePower Refused to Comply with Judge Dow's Expedited Discovery Order and Judge Cummings's Order Granting Inventus's Motion to Compel

On July 13, 2020, Judge Dow granted Inventus's motion for expedited discovery. Dkt. 48. The parties' Joint Status Report on July 21, 2020, stipulated to "a 21-day response period for all written discovery," agreeing to provide "substantive responses beyond mere objections." Dkts. 55, 58. Consistent with this stipulation, and Judge Dow's orders, Inventus served 10

Interrogatories and 13 Requests for Production ("RFP") on July 30, 2020, requesting information about fundamental, basic issues in this case. Dkts. 74-2, 74-3. AcePower failed to serve any responses or objections by the August 20 deadline, and confirmed on August 21 that it would continue refusing to provide written responses unless Inventus asked the Court to compel AcePower to do so. Dkt. 74-4. On August 24, 2020—well over a year ago now—Inventus was forced to file a Motion to Address Defendant AcePower's Failure to Respond to Interrogatories and Requests for Production (Dkt. 74) outlining AcePower's deficiencies. AcePower also filed a Motion for Entry of Protective Order (Dkt. 69) on the same day. In view of AcePower's conduct, the Court held that it would consider AcePower's Motion (Dkt. 69) as its only objections.

On November 12, 2020—just over a year ago—this Court ordered AcePower to "fully and non-evasively respond to the discovery requests [served by Inventus on July 30, 2020] … ***without further objections*** apart from privilege objections, if any," by November 30, 2020, and cautioned AcePower that "[f]ailure to comply … will result in the ***imposition of sanctions***." Dkt. 100 at 8. Despite the Court's clear direction, November 30, 2020 came and went without AcePower producing a single document or providing sufficient answers to Inventus's interrogatories, instead raising a new objection that Inventus must request documents under the Hague Convention in light of Chinese laws. Inventus was forced to file yet another motion to compel—this time requesting compliance with the Court's orders to produce documents, conduct Court-ordered forensic inspection, and compel depositions under the Federal Rules—as well as a motion for sanctions given AcePower's direct violations of the Court's orders. Dkts. 103, 111.

## B. This Court Ordered Discovery Under The Federal Rules

On September 30, 2021, the Court granted Inventus's motion to compel discovery under the Federal Rules rather than the Hague Convention, expressly rejecting AcePower's arguments that Chinese laws preclude its compliance with United States discovery, including depositions,

written discovery, and document productions. *See* Dkts. 179, 180.[1]  The Court ordered AcePower to verify all of its interrogatory responses and respond to Inventus's Interrogatory Nos. 1, 2, 5 (limited to U.S. customers only), and 6 by October 22, 2021.  Dkt. 180 at 7.  The Court also ordered AcePower to "fully respond" to RFP Nos. 4, 5 (limited to U.S. customers only), 9, and 13 (limited to U.S. customers only) by October 22, 2021.  *Id.*  Finally, the Court permitted depositions under the Federal Rules, ordering that they "shall be completed by December 3, 2021."  *Id.* at 34.  The Court expressly concluded that all of this discovery was "appropriately tailored to the current scope of jurisdictional discovery…."  *Id.* at 6.

In finding that the Federal Rules apply, the Court explained that AcePower "has failed to show at the second step that the sovereignty issues at stake and the principles of comity favor the application of the Hague Convention."  Dkt. 180 at 11.  AcePower had challenged the application of the Federal Rules based on Article 277 of Chinese Civil Procedure law, arguing that AcePower, as a Chinese company, was prohibited from providing discovery without permission from Chinese authorities through the Hague Convention.  Dkt. 180 at 13-15.  The Court disagreed with AcePower, holding that "[t]he importance of the depositions and documents Inventus seeks related to jurisdictional discovery is indisputable" (*id.* at 17) and there is "little doubt that the jurisdictional discovery Inventus seeks can only be obtained directly from Ace" (*id.* at 19), and further that "Ace had little fear of penalties when it previously produced documents located in China – including emails and blood test and x-ray results– to support its own litigation position" (*id.* at 25).

---

[1]  Though the Court denied Inventus's request for sanctions (Dkt. 74), it warned that sanctions "will" be imposed upon AcePower for further non-compliance (Dkt. 100).  Plaintiffs moved for sanctions again based on AcePower's continued non-compliance (Dkt. 111), and the Court denied it without prejudice (Dkt. 178) because (1) the scope of discovery was broader than the jurisdictional discovery currently at issue, and (2) the Court had not yet addressed the parties' dispute over whether the Hague Convention applied.  However, when the Court issued its most recent order compelling discovery (Dkt. 180), discovery was already limited to jurisdictional issues and the Court had already ruled that discovery should proceed under the Federal Rules, so this does not excuse AcePower's continued disobedience.

**C.** **AcePower Failed To Comply With The Court's October 22 Deadline And Now Refuses to Comply with the Court's Order Compelling Discovery Under the Federal Rules**

More than three weeks after the October 22, 2021 deadline, AcePower still has not complied with the Court's Order to fully respond to Inventus's RFPs or interrogatories. Indeed, Inventus still has not received ***any documents*** that AcePower was ordered to produce. And it is clear that AcePower never intended to comply with the Court's deadline. While AcePower requested a two-week extension from Inventus on October 19, Inventus never agreed to provide it based on AcePower's refusal to meet certain necessary conditions (such as providing a rolling production). *See* Dkt. 181-1. On October 22—the day AcePower was ordered to comply with its discovery obligations—AcePower represented that it had "so far" identified "10-15 documents." Dkt. 181-1 at 4. This confirms that AcePower could have at least partially complied—albeit in a highly deficient manner—with the Court's Order by producing some documents before the deadline, but chose not to do so. After failing to obtain an extension from Inventus, AcePower's October 22, 2021 email raised a "new" excuse for violating the Court's Order, namely that a Chinese law enacted in June 2021 prevented AcePower from producing documents to Inventus's U.S.-based counsel. AcePower asked whether it could produce the documents to Kirkland & Ellis Shanghai office instead. Inventus rejected this request, stating that AcePower needed to "produce these documents in the United States immediately, as required by the Court." Dkt. 181-1 at 2. And production of documents in the U.S. is, in fact, what was required by the Court—AcePower was ordered to "fully respond to the requests for production ordered in this Opinion" (Dkt. 180 at 34), and the RFPs require production "at the offices of Kirkland & Ellis LLP, 555 South Flower Street, Los Angeles, CA 90071, or at such other place as may be mutually agreeable to counsel." Dkt. 181-2. Such production also is necessary so that the documents may be used in this case.

5

At 10:06 PM CT on November 4, 2021—two weeks after the October 22 deadline—AcePower wrote to Inventus and stated that "[a]s agreed, ACE has mailed it responses with Exhibits to Plaintiffs counsel's Shanghai Office on or about 11/4/2021." Dkt. 181-1 at 1. But there was no such agreement; no place other than Kirkland's Los Angeles office was ever agreed to by Inventus, and AcePower's purported production of electronic documents printed in hard copy and shipped to Kirkland's Shanghai office does not comply with the Court's Order. At that time, AcePower provided no information to confirm it had sent any materials to Kirkland's Shanghai office. On November 5, 2021, AcePower provided a tracking number, indicating that a package containing unknown materials will arrive in Shanghai on November 6, 2021—15 days past the Court's deadline. At 9:00 PM CT on November 5, the tracking number indicated that the package was delivered to an unspecified address in Shanghai.

During a subsequent November 9, 2021 meet and confer—more than two weeks after the Court's production deadline—Inventus explained that AcePower's alleged production of hard copy documents to Shanghai not only violated this Court's September 30 order but also violated the Court's ESI order, which requires documents to be produced in TIFF format. Ex. 1 (11/9/2021 email from K. Bendix to R. Cheng). In response, AcePower agreed that it would produce the required TIFF files after an unidentified "'vetting' process is completed", but refused to provide a date certain by which it would do so. Ex. 2 (11/10/2021 email from R. Cheng to K. Bendix).[2] But instead of producing any TIFF files as promised, AcePower instead filed an untimely motion (more

---

[2] On November 10, 2021, AcePower sent an email alleging that "the Production was sent to Kirkland & Ellis LLP's Shanghai Office in good faith to avoid the complication of the newly implemented China's Cyber-security Law and the 'vetting' process," which was "based on information and belief that counsel from Kirkland & Ellis LLP's Shanghai Office were involved in this litigation." Ex. 2 (11/10/2021 email from R. Cheng to K. Bendix). But in addition to never having raised "the newly implemented China's Cyber-security Law and the 'vetting' process" prior to the October 22 deadline, AcePower's email also fails to excuse its unilateral decision to send documents to Shanghai—after both this Court and Inventus specifically directed AcePower to produce the documents in the US—based on a claim that "counsel from Kirkland & Ellis LLP's Shanghai Office were involved in this litigation," though none have appeared.

than three weeks after the Court's deadline) raising more China law objections and requesting permission to produce documents to Kirkland's Shanghai office, further demonstrating that it never intended to produce these documents to the United States. Dkt. 182.

In addition, the supplemental interrogatory responses AcePower provided on October 22 are woefully deficient and do not comply with the Court's order including because it failed to provide any response to Interrogatory No. 5, and also failed to verify its previous responses.

Finally, while AcePower has failed to comply with its Court-ordered discovery obligations, it has continued to needlessly increase the cost of this case for Inventus by demanding all new depositions of Inventus employees. On November 11, 2021, AcePower served three deposition notices—for Wenhua (Ewin Li), and two additional Inventus employees that the Court has not ordered to be deposed (Nuo Ma and Tom Nguyen), and on November 17 demanded dates for their availability—even though AcePower *still has not produced a single document*. Ex. 3 (11/12/2021 email from R. Cheng to K. Bendix); Ex. 4 (11/17/2021 email from R. Cheng to K. Bendix).

## III. LEGAL STANDARD

Fed. R. Civ. P. 37(b)(2) provides that if a party "fails to obey an order to provide or permit discovery," then "the court where the action is pending may issue further just orders," including the seven enumerated sanctions listed in subsection (2)(A). These sanctions include "directing that the matters embraced in the order or other designated facts be taken as established," "prohibiting the disobedient party from supporting or opposing designated claims or defenses," and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A); *see also Ari Officer v. Duran*, No. 12 C 10195, 2014 WL 51330, at *3 (N.D. Ill. Jan. 2, 2014) (recommending sanction of deeming certain facts as established where "Defendants' repeated failures to meet deadlines and comply adequately with discovery requests—despite numerous warnings by the Court—demonstrate objectively unreasonable behavior."); *Solvay Specialty*

*Polymers USA, LLC v. Zhenguo (Leo) Liu*, 331 F.R.D. 187, 190 (N.D. Ga. 2019) (entering default judgment and permanent injunction in trade secret misappropriation case where defendant "in bad faith, failed to comply with the Court's discovery orders" on two separate occasions). "Under the rule, complete and accurate responses are required." *Dickson v. Chicago Allied Warehouses, Inc.*, No. 90 C 6161, 1993 WL 362450, at *12 (N.D. Ill. Sept. 15, 1993) (granting attorneys' fees for bringing motion to compel discovery responses) (citing *Fautek v. Montgomery Ward & Co.,* 96 F.R.D. 141, 144–145 (N.D. Ill. 1982)). "Even if a failure to respond is the result of negligence, sanctions may be imposed." *Id.* "Dilatory and partial compliance does not remove a case from the ambit of the rule." *Id.* (citing *E.E.O.C. v. Sears, Roebuck &Co.*, 114 F.R.D. 615, 626 (N.D. Ill. 1987), *reconsideration granted in part on other grounds*, 138 F.R.D. 523 (N.D. Ill. 1991)). In addition to enumerated sanctions, "any of the orders listed in Rule 37(b)(2)(A)(i)—(vi)," sanctions can include reasonable expenses, including attorneys' fees, caused by the failure to serve a written response. Fed. R. Civ. P. 37(d)(3).

"A severe sanction is particularly appropriate when a party made a strategic decision to disobey the court's orders, since such a sanction can influence 'other parties to other lawsuits [who] would feel freer than we think Rule 37 contemplates they should feel to flout other discovery orders of other district courts.'" *Burns v. Imagine Films Ent., Inc.*, 198 F.R.D. 593, 601 (W.D.N.Y. 2000) (striking defendants' answers and explaining that "Defendant made a strategic decision to disobey this Court's orders, to further their over-all goals in this litigation.").

## IV.  ARGUMENT

### A.  AcePower Violated the Court's Order by Failing to Produce Any Documents Responsive to Inventus's Requests for Production

AcePower failed to produce **any** documents, and has thus violated the Court's Order to "fully respond to the requests for production ordered…by October 22, 2021." Dkt. 180 at 34.

CRITICAL

Instead, at 11:53 PM CT on October 22—seven minutes before the Court's deadline for AcePower to fully respond to Inventus' RFPs—AcePower sent an email raising a new, untimely objection, stating that "the newly implemented Chinese Data Security Law restricts transferring certain data and information" and insisted that it could only comply with the Order by producing documents in China, requesting permission to send the documents to Kirkland's Shanghai office. Dkt. 181-1 at 4. However, Inventus explicitly rejected AcePower's request, reiterating that compliance required AcePower to "produce these documents in the United States immediately, as required by the Court." Dkt. 181-1 at 2-3. To this day, Inventus has not received a single document from AcePower despite express orders from this Court requiring AcePower to provide such documents.

AcePower's discovery tactics violate this Court's orders and warrant sanctions for multiple reasons. ***First***, AcePower never requested an extension of time from the Court to comply with the Court's Order. *See VYSE Gelatin Co. v. Hicks*, No. 17-CV-2937, 2019 WL 13084200, at *2 (N.D. Ill. June 3, 2019) ("Given that Defendants waited until the last minute to request an extension of time to comply with the Court's order from the Plaintiff (***notably, not from the Court***), and that Defendants responses were inadequate, the Court concludes that Defendants acted willfully, in bad faith, with fault," and the "sanction of ***striking Defendants' affirmative defenses is proportional to Defendants' failure to comply with their discovery obligations***."). Indeed, AcePower waited over three weeks to file its November 15 motion to produce documents in Shanghai (Dkt. 182). Nor did AcePower obtain agreement on an extension from Inventus. *See* Dkt. 181-1. But even if the AcePower had obtained agreement on its requested two-week extension from Inventus, AcePower ***still to this day has not produced any documents*** as required by the Court's Order, which is a clear violation of its own unilateral extension, and therefore sanctions are warranted. *VYSE Gelatin Co.*, 2019 WL 13084200, at *2.

9

**Second**, producing hard copy documents to Kirkland's Shanghai office violates the Court's Order to produce documents in the United States under the Federal Rules (Dkt. 180 at 26, 34) and fundamentally frustrates the purpose of the document production: to enable this Court (not a court in Shanghai) to evaluate AcePower's jurisdictional objection. It also violates the Court's ESI order requiring the parties to produce documents in TIFF format.[3] AcePower admitted it did not provide any TIFFs when it purportedly mailed hard copy documents to Shanghai, and indeed, to date, ***still has not provided a single TIFF*** of any document to Inventus, though it conceded on a meet and confer it was able to and intended to do so. This is also sanctionable conduct. *See, e.g.*, *Olivet Baptist Church v. Church Mut. Ins. Co.*, No. 13 C 1625, 2015 WL 765715, at *1 (N.D. Ill. Jan. 7, 2015), *R & R adopted* (party's "lackadaisical approach to discovery is unacceptable and deserving of sanctions" where party did not produce promised discovery, and "obfuscated" damages claim).

**Third**, the Court has already disposed of AcePower's argument that Chinese law prohibits production of the documents in the United States, rendering this new objection about an old topic improper.[4] Dkt. 180 at 16-26. The Court's rationale for disposing with these arguments applies with equal force to AcePower's new argument regarding the Chinese Data Security Law enacted in June 2021. *See* Dkt. 180 at 17-19, 23, 25. Moreover, to the extent AcePower asserts that the objections raised in its October 22 email are somehow different in kind from those already rejected by the Court (and they are not), these objections are indisputably waived, given AcePower's failure to raise them in any pleading, notice to the Court, or even via email at any time prior to the Court's

---

[3] *See* Dkt. 93 (Document Production Protocol Order) at ¶ 4(a) ("Documents that are maintained in paper format shall be scanned as black and white images" into "Tagged Image File Format" ("TIFFs")).

[4] *See* Dkt. 180 at n. 16 ("Ace argued in passing that the court order requiring it to send its computer devices to the United States for examination might constitute a violation of Chinese secrecy laws . . . . Ace has not, however, expounded on this argument with respect to the production of documents, nor did the Chinese Ministry of Justice recognize any other laws that would be violated by Ace's production."); *id.* at 23 ("Ace has not specifically contended that the production of documents would violate other significant Chinese laws."); *id.* at 17 ("Notwithstanding its burden to show that the Hague Convention should apply to the production of documents, Ace inexplicably fails to address any of these factors in its motion ….").

Order, though it had many months to do so if it was truly concerned.[5]  Indeed, AcePower should have moved for reconsideration of the Court's Order in advance of the October 22 deadline, rather than disregarding it based on its unilateral assertion that Chinese law prohibits compliance.  *VYSE Gelatin Co.*, 2019 WL 13084200, at *2; *Olivet Baptist Church*, 2015 WL 765715, at *1.  In fact, AcePower claims that one of the statutes that it is now relying on to evade this Court's Order was enacted on November 1, 2021 (Dkt. 182 at 2) such that timely compliance with this Court's October 22, 2021 deadline would have mooted that issue even under AcePower's flawed argument. At bottom, there is no excuse for AcePower's repeated violations, and AcePower's conduct establishes that it will not comply with Court orders and will continue to raised long-since adjudicated and waived objections absent significant sanctions (and perhaps, even then).

## B.  AcePower Violated the Court's Order with Respect to Interrogatory Responses

AcePower's recent interrogatory responses—its "supplemental" responses to Interrogatory Nos. 5 and 6, served on October 22, 2021, and the verified, previously provided Interrogatories, served on November 4, 2021—also violate this Court's Order.  ***First***, AcePower did not receive permission from the Court to disregard its October 22, 2021 deadline and serve verified responses nearly two weeks after the deadline.  If AcePower believed it was not in a position to follow the

---

[5]  *See, e.g.*, *Goplin v. WeConnect, Inc.*, 893 F.3d 488, 490 (7th Cir. 2018) (motion for reconsideration properly denied where party failed to show "not only that [the] evidence was newly discovered or unknown to it until after the hearing, but also ***that it could not with reasonable diligence have discovered and produced such evidence [during the pendency of the motion]***.") (quoting *Caisse Nationale de Credit Agricole v. CBI Indus.*, Inc., 90 F.3d 1264, 1269 (7th Cir. 1996)) (emphasis added); *see also SmithKline Beecham Corp. v. Apotex Corp.*, No. 98 C 3952, 2000 WL 1310669, at *3 (N.D. Ill. Sept. 13, 2000) (describing "clear Seventh Circuit precedent holding that ***a motion to reconsider is not the appropriate vehicle for the introduction of new evidence that could have been presented to the court prior to the ruling***.") (citing *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)) (emphasis added); *Emerson v. Gramley*, 91 F.3d 898, 900 (7th Cir. 1996) ("The day after the appeals were argued to us, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214, which among other things amends 28 U.S.C. § 2254(d) to require federal courts in habeas corpus proceedings to give greater deference to the determinations made by state courts than they were required to do under the previous law. ***Although three months have elapsed since the enactment of this highly publicized law, the state has not asked us to consider its possible bearing on these appeals, and we consider the issue waived***.").

Court's Order, it should have promptly sought relief from the Court. Unilaterally flouting the Court's deadlines cannot be condoned. As the Court noted, "[u]nverified interrogatory answers, including those signed only by a party's counsel, are subject to being stricken." Dkt. 180 at 7.

**Second**, AcePower's supplemental responses fail to provide the information required by the Court's Order. Dkt. 180 at 7, 34. For example, AcePower's supplemental response to Interrogatory No. 5 does not provide ***any response at all***. Instead, AcePower objects that the request "asks for speculation and improper or wrong assumptions" and noncommittally indicates it is "amicable to discussing this interrogatory further" if Inventus can provide a list of customers with only a "CONFIDENTIAL" designation. Dkt. 181-3. In addition to clearly violating the Court's mandate to "fully respond" to the interrogatory, AcePower's suggestion that it requires a "full list of [Plaintiffs'] U.S. based customers and/or suppliers" to provide a substantive response lacks merit. Inventus has identified exemplary customers throughout this litigation, which Inventus indicated to AcePower. *See, e.g.*, Dkt. 1 ¶ 20; Dkt. 8 at 8, n.7; Dkt. 82 at 9. And although Inventus indicated that it is amenable to discussing a comprehensive list of its customers, that does not prevent it from investigating on its own which of Inventus's customers it currently sells to in the U.S., and responding to this interrogatory, and in any event, this information cannot be shared without an "Attorneys' Eyes Only" designation given the confidential nature of this information and the fact that AcePower is accused of trade secret theft. Indeed, this is the same argument that the Court expressly rejected in August 2020. *See* Dkt. 181-4 at 6, 10-11.

### C. AcePower's Failure to Abide by the Court's Orders Necessitates Imposition of Sanctions

The sanctions requested by Inventus—striking AcePower's denials of Inventus's trade secret misappropriation allegations, its affirmative defenses, and its objection to this Court's jurisdiction, and imposing any additional appropriate sanctions for failure to fully comply with

Dkts. 179 and 180 within five days of an order on the instant motion—are warranted in view of AcePower's egregious and vexatious conduct. Courts regularly sanction parties for refusing to provide discovery in violation of court orders.[6] AcePower has now violated three Court orders requiring production,[7] and this Court has already put AcePower on notice that sanctions would be imposed if it failed to comply with court orders in the future. *See* Dkt. 100 at 8; *see also Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1160 (10th Cir. 2013) (no abuse of discretion in entering default judgment as discovery sanction where "the district court found that ***warnings from the magistrate judge placed Mr. Englert on notice*** that he would be culpable for any future violations"); *Williams v. Thompson*, No. 94 C 5669, 1996 WL 124446, at *1, *3 (N.D. Ill. Mar. 19, 1996) (where court warned that "[s]anctions will be imposed if discovery is not furnished to plaintiff" and "defendants have repeatedly flaunted court orders and discovery deadlines … it is appropriate to enter judgment for Williams on the issue of liability"). Courts in this District have imposed a wide range of sanctions for failure to comply with discovery orders, including adverse inferences or prohibiting a party from relying on the discovery to support its case.[8] AcePower's repeated refusal to comply with this Court's orders demonstrate that no sanction less severe than striking AcePower's denials and affirmative defenses will deter further egregious discovery

---

[6] *See, e.g.*, *This, LLC v. Jaccard Corp.*, No. 3:15-CV-1606(JBA), 2017 WL 547902, at *7 (D. Conn. Feb. 9, 2017) (sanctioning party who submitted non-compliant interrogatory responses).

[7] *Life After Hate, Inc. v. Free Radicals Project, Inc.*, No. 18 C 6967, 2020 WL 5848429, at *5 (N.D. Ill. Oct. 1, 2020) (granting "attorneys' fees related to drafting, filing and arguing Plaintiff's two motions to compel and drafting and filing its instant motion" and noting that "[i]n determining the appropriate sanction, we 'weigh not only the straw that finally broke the camel's back, but all the straws that the recalcitrant party piled on over the course of the lawsuit.'").

[8] *Ropak Corp. v. Plastican, Inc.*, No. 04 C 5422, 2006 WL 2385297, at *5 (N.D. Ill. Aug. 15, 2006) (limiting defendant's reliance on documents for defense to those produced by the date previously ordered by the court, and ordering defendant to produce such documents); *Zenith Elecs. Corp. v. WH-TV Broad. Corp.*, 395 F.3d 416, 420 (7th Cir. 2005) (affirming ban on party from introducing evidence not disclosed in interrogatory response); *This, LLC v. Jaccard Corp.*, 2017 WL 547902, at *7 (sanctioning party with jury instruction of mandatory rebuttable presumption for non-compliant interrogatory response).

misconduct by AcePower.[9]  Indeed, AcePower has repeatedly demonstrated its commitment to

obstructing Inventus's efforts to move this case forward in an attempt to rectify AcePower's

massive trade secret theft.  Moreover, the requested sanction is less severe than sanctions awarded

by other courts in similar circumstances, including entry of a default judgment for failing to engage

in discovery in a timely fashion.[10]  Court orders have been insufficient to ensure AcePower's

compliance, and thus these sanctions are warranted.[11]

Moreover, AcePower has "unreasonably and vexatiously multiplied" these proceedings by

filing frivolous motions with waived arguments to further delay discovery, in addition to failing to

comply with multiple Court orders to provide discovery.  In addition to its previously-filed motion

for sanctions (Dkt. 111), Inventus has been forced to file multiple motions to compel (Dkts. 74,

86, 103) and motions for status conference (Dkts. 61, 127, 166) to address AcePower's manifest

---

[9]   *See, e.g.*, *Tobias v. Davidson Plywood*, 241 F.R.D. 590, 594 (E.D. Tex. 2007) ("A party is not allowed to lie in wait behind a log and then ambush the other party with a key piece of evidence after extensive discovery and expenses have been incurred," and where a key document was disclosed late, "the court will not allow evidence … to be presented in this case," and "[b]ecause the existence of [that document] is an essential element of Defendant's affirmative defense, ***the court will strike the defense***.") (emphasis added).

[10]  *Wanderer v. Johnston*, 910 F.2d 652, 655 (9th Cir. 1990) (affirming district court's entry of default where magistrate judge found that since "case was filed, defendants have done nothing, as far as discovery is concerned, in a timely fashion.  The record discloses that defendants have consistently failed to respond, not only to discovery requests from plaintiffs but also to the orders of this court."); *id.* at 653 ("The severe sanction of default was justified by the defendants' repeated and inexcusable obstructions of every type of discovery attempted by the plaintiffs."); *Oklahoma Federated Gold & Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 140 (10th Cir. 1994) (affirming "refus[al] to allow [defendant] to present any evidence in this case" where he "failed to comply with the discovery requests of plaintiff or to make himself available for deposition, despite a court order"); *see also Drive Time Auto., Inc. v. Deguzman*, No. 2:14-CV-00782-RFB, 2015 WL 1288152, at *3 (D. Nev. Mar. 19, 2015) (ordering defendants to show cause why their answers should not be stricken and default judgment entered against them for serving untimely discovery responses).

[11]  *See S.E.C. v. Brewer*, No. 10 C 6932, 2011 WL 3584800, at *5, *6 (N.D. Ill. Aug. 15, 2011) (where defendants consented to an order requiring defendants to respond to discovery requests on an expedited basis but did not comply, and plaintiff SEC filed a contempt motion, "the court gives the defendants 10 days from the date of entry of this order to fully comply with the October 29 Order [to produce expedited discovery]. ***If they do not, a daily sanction of $1,000 per defendant shall be imposed until full compliance is attained***.  The court concludes that this amount is sufficient to coerce compliance with the October 29 Order given the defendants' financial situation.  The court further notes that nonmonetary sanctions are also available in contempt cases."  While the sanctioned party alleged that they "did not see the discovery requests until …they retained new counsel," and also "point[ed] to the volume of information requested as an apparent reason for the delay," the court disagreed on both points and found them in contempt.).

14

discovery failures, yet AcePower still has not produced a single document. This behavior makes a mockery of the Court's orders and the judicial system, and should be sanctioned. *See* 28 U.S.C. § 1927. AcePower has indisputably "unreasonably and vexatiously multiplied" the proceedings in this case, further warranting sanctions under Seventh Circuit law. *Lightspeed Media Corp. v. Smith*, 830 F.3d 500 (7th Cir. 2016) (where an attorney misleads a party about its production obligations in order to delay production, that constitutes "vexatious and obstructive conduct" and sanctions are warranted); *Castillo v. St. Paul Fire & Marine Ins. Co.*, 938 F.2d 776, 779 (7th Cir. 1991) (continued conduct in the face of a court order was a "deliberate frustration of defendants' discovery attempts," which "unreasonably and vexatiously prolonged" proceedings "in violation of 28 U.S.C. § 1927" and "was also subject to sanctions under Rule 16 and Rule 37(b)").

Additionally, AcePower has continued to act vexatiously by insisting on more and more discovery (including depositions) from Inventus while simultaneously failing to comply with this Court's discovery orders. Such an approach is not only inequitable, but it also needlessly drives up the cost and burden of this litigation while simultaneously depriving Inventus of any ability to move it forward given AcePower's refusal to reasonably engage in discovery. Accordingly, as an additional sanction for AcePower's vexatious failure to abide by the Court's orders, Inventus requests that AcePower be barred from continuing to insist on receiving additional discovery from Inventus unless or until it fulfills its own discovery obligations.

## V.    CONCLUSION

Inventus respectfully requests that its Motion to Find Defendant in Contempt of the Court's Discovery Rulings be granted.[12]

---

[12]    Counsel for both parties met and conferred by telephone on November 9 to discuss AcePower's deficient discovery responses and document production, and the present motion, but are at an impasse.

DATED: November 17, 2021

Respectfully submitted,

*/s/ Gianni Cutri*

Gianni Cutri
Gianni.cutri@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Adam Alper (*admitted pro hac vice*)
adam.alper@kirkland.com
Natalie Flechsig (*admitted pro hac vice*)
natalie.flechsig@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael De Vries (*admitted pro hac vice*)
michael.devries@kirkland.com
Kevin Bendix (*admitted pro hac vice*)
kevin.bendix@kirkland.com
Benjamin A. Herbert (*admitted pro hac vice*)
benjamin.herbert@kirkland.com
Yimeng Dou (*admitted pro hac vice* )
yimeng.dou@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Attorneys for Plaintiffs
*INVENTUS POWER, and ICC
ELECTRONICS (DONGGUAN) LTD.*

16

## **CERTIFICATE OF SERVICE**

I, Gianni Cutri, an attorney, hereby certify that on November 17, 2021, I caused a true and correct copy of the foregoing document to be served via the Court's ECF system upon all counsel of record.

DATED:  November 17, 2021

*/s/ Gianni Cutri*
Gianni Cutri