**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| INVENTUS POWER, INC., and<br>ICC ELECTRONICS (DONGGUAN) LTD., | Case No.: 1:20-cv-03375 |
| Plaintiff, | Judge: Honorable Robert M. Dow, Jr. |
| v. | |
| SHENZHEN ACE BATTERY CO., LTD., | Magistrate Judge: Honorable Jeffrey Cummings |
| Defendants. | |

**DEFENDANT ACE'S MOTION FOR LEAVE TO FILE SURREPLY**
**IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTION**

Defendant Shenzhen ACE Battery Co., Ltd., hereby moves the Court for leave to file a sur-reply in further opposition to Inventus Power, Inc. ("Inventus") and ICC Electronics Ltd.'s ("ICC") (together "Plaintiffs") Motion for Sanction.

ACE seeks leave to file its sur-reply, which is filed herewith, to present pertinent facts and evidence in response to new facts and arguments asserted in Plaintiffs' reply [Dkt. No. 237].

## ARGUMENT

### A. Good Cause Exists for Granting Leave to File the Surreply

"The decision whether to grant a motion for leave to file a surreply is within the Court's discretion." *Univ. Healthsystem Consortium v. UnitedHealth Group, Inc.*, 68 F. Supp. 3d 917, 922 (N.D. Ill. 2014) (citing *Johnny Blastoff, Inc. v. L.A. Rams*, 188 F.3d 427, 439 (7th Cir. 1999). "In some instances, allowing the filing of a surreply 'vouchsafes the aggrieved party's right to be heard and provides the court with the information necessary to make an informed decision.'" *Id*. (quoting *In re Sulfuric Acid Antitrust Litig*., 231 F.R.D. 320, 329 (N.D. Ill. 2005)).

In the present case, *First*, Plaintiffs asserted new facts and arguments that were never raised in their motion for sanction, including allegations of ACE's lack of production of "PCBA documents" and Communication with Hewlett-Packard, based on ACE's production Bates No. ACE-P2-JY-EML-000495 and Bates No. ACE-P-YF-EML-017485. The alleged lack production is unfounded.

*Second*, while refusing ACE's discovery request regarding Plaintiffs' alleged misappropriation, because "Inventus disagrees that this Request falls within the scope of jurisdictional discovery…" [Dkt. 209-3, Requests 3, 4, pp. 10-14], Plaintiffs now claim their alleged misappropriation and allegedly misappropriated documents are "clearly relevant to jurisdiction." [Dkt. 237, pp. 7-8].

This Court has decided that whether the alleged misappropriation actually occurred is on the merit on this case, not jurisdictional. While ACE had no opportunity to discover relevant evidence pertaining to Plaintiffs' alleged misappropriation claims, Plaintiffs' request for sanction on the merit of this case is inappropriate and should be denied.

## CONCLUSION

For the foregoing reasons, ACE respectfully requests that this Honorable Court allow the surreply filed herewith with the exhibits.

Respectfully Submitted:

Date: 05/31/2022

/s/ He Cheng

He Cheng
Robin.Cheng@glacier.law
Tao Liu
Tao.Liu@glacier.law
Tianyu Ju
Iris.ju@glacier.law
200 Park Ave. Ste 1703
New York, NY 10166
Tel: +1 (332) 208-8882
Cell: +1 (332) 208-1523
***Attorney for Defendant***

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this May 31, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, along with the attached Exhibits, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Date: 05/31/2022               /s/ He Cheng
                          He Cheng